# EXHIBIT

# 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

_____
                                                  )
MARY MORGAN, *et al*.,                            )
                                                  )
                        Plaintiffs,               )
                                                  )        Case No. 3:12-cv-00373-JAG
            v.                                    )
                                                  )
RICHMOND SCHOOL OF HEALTH AND                     )
TECHNOLOGY, INC.,                                 )
                                                  )
                        Defendant.                )
_____)

## SETTLEMENT AGREEMENT

This Settlement Agreement dated March 12, 2013 ("Settlement Agreement") is entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Subject to the approval of the Court, the Settlement Agreement is entered into among Defendant Richmond School of Health and Technology, Inc. ("RSHT" or "Defendant"), Defendant's insurer Nationwide Mutual Insurance Company ("Insurer"), and the named Plaintiffs Mary Morgan, Amanda Smith, Sade Battle, La-Deva Dabney, Kyra Franklin, Ashley Thomas, Loretta Towns, and Tammara Herbert (collectively "Plaintiffs"), both individually and on behalf of a class of current and former students of RSHT.  Defendant, Insurer, and Plaintiffs are the "Parties."

## BACKGROUND

RSHT is a for-profit vocational college that offers several healthcare-related programs. On June 8, 2011, Plaintiffs commenced this action individually and on behalf of a class of students who attended or are attending RSHT against Defendant RSHT for alleged violations of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, *et seq*.; Title VI of the Civil Rights Act of

1964, 42 U.S.C. §§ 2000d, *et seq.*; and the Virginia Consumer Protection Act, Va. Code Ann. §§ 59.1-196, *et seq.*; and for breach of contract and fraudulent inducement to contract.

On August 3, 2011, Plaintiffs filed a First Amended Complaint.

On November 21, 2011, Insurer filed a declaratory judgment action against RSHT.  *See Nationwide Mut. Ins. Co. v. Richmond Sch. of Health & Tech., Inc.*, No. 3:11-cv-00768 (E.D. Va.) ("Coverage Case").  Insurer requested a declaration that the Insurance Policies do not provide any coverage to RSHT for any of the claims asserted by Plaintiffs in the Civil Action.

Plaintiffs filed a Second Amended Complaint on December 7, 2011.

Specifically, Plaintiffs alleged in the Civil Action that RSHT makes a range of false promises about the benefits of the education it offers to induce students to enroll and take out thousands of dollars in student loans to pay for tuition, which ranges from approximately $10,000 to $28,000.  Plaintiffs further alleged that RSHT targets this practice at people from African-American neighborhoods (and low-income neighborhoods that are disproportionately African-American) in violation of civil rights laws.

In support of their allegations, Plaintiffs submitted with their complaint 48 declarations from current and former RSHT students and former RSHT employees.

The case was initially filed in the United States District Court for the District of Columbia, but was transferred on May 15, 2012, to the United States District Court for the Eastern District of Virginia, Richmond Division, upon the adjudication of Defendant's Motion to Dismiss or Transfer.

On June 15, 2012, Defendant filed a Motion to Dismiss Plaintiffs' Second Amended Complaint.  That same day, Defendant filed an Answer denying all material allegations in the Civil Action and interposing affirmative defenses.

On August 17, 2012, Defendant filed a Motion for Judgment on the Pleadings.

Defendant's Motion to Dismiss and Motion for Judgment on the Pleadings were fully briefed.  In light of the Settlement, they were denied as moot on February 28, 2013, with leave for Defendant to refile them if the Settlement is not approved by the Court.

Defendant, while denying all liability for the claims and charges made in the Civil Action, and without admitting or conceding any fault or liability whatsoever, and without conceding any infirmity in its defenses in the Civil Action, has concluded that further litigation of the Civil Action would be protracted and expensive and that it is desirable that the litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement to limit further expenses, inconvenience and to dispose of burdensome and protracted litigation.

Plaintiffs, by their Counsel, have conducted discussions and arm's-length negotiations with counsel for Defendant with respect to a compromise and Settlement of the Civil Action, with a view to settling the issues in dispute and achieving the best relief possible consistent with the interests of the Class.

Based upon their investigation, Plaintiffs and their Counsel have concluded that the terms and conditions of this Settlement Agreement are fair, reasonable and adequate to Plaintiffs and the Class, and in their best interests, and have agreed to settle the claims raised in the Civil Action pursuant to the terms and provisions of this Settlement Agreement, after considering:  (i) the benefits that Plaintiffs and the members of the Class will receive from the Settlement Agreement; (ii) the attendant risks of litigation; (iii) the difficulties, expense and delays inherent in such litigation; (iv) the Defendant's solvency and/or potential for bankruptcy; (v) the risk of inadequate or absent insurance coverage; (vi) the belief of Plaintiffs that the Settlement is fair,

reasonable, and adequate, and in the best interest of all Class Members; and (vii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Settlement Agreement.

Insurer and Defendant (*i.e.*, its insured) have concluded that further litigation of the Coverage Case would be protracted and expensive and that it is desirable that the litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement to limit further expenses and inconvenience, and to dispose of burdensome and protracted litigation.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs and the Class, Insurer, and Defendant, subject to the approval of the Court pursuant to the procedures mandated by Federal Rule of Civil Procedure 23(e), as follows:

## I. DEFINITIONS

1.      The following terms, as used in this Settlement Agreement, have the following meanings:

a.   "Auditing Entities" means the Council on Occupational Education; the State Council of Higher Education for Virginia; Educational Compliance Management, Inc.; the United States Department of Veterans' Affairs; the Virginia Board of Nursing; Defendant's Advisory Committee; and any other entity that accredits an RSHT educational program and is recognized by the United States Department of Education as a nationally recognized accrediting agency.

b.   "Civil Action" means the above-styled litigation.

c.   "Claimant" means an individual who has submitted a Claim Form.

d.   "Claims Administrator" means Brown Greer, PLC.

4

e.   "Claims Administration Costs" means costs and expenses of the Notices and instructions to members of the Class and administration of the Settlement Fund, escrow fees, Taxes, custodial fees, and expenses incurred in connection with processing Claim Forms, distributing the Settlement Fund, providing any necessary tax forms to Class Members, and all other costs incurred in connection with administering the Settlement.

f.   "Claim Form" means the form substantially in the form of Exhibits 1 or 2, as appropriate.

g.   "Class" and "Settlement Class" mean all Class Members.

h.   "Class Member" means an individual who was Enrolled as a student at RSHT at any time during the Class Period, excluding all persons who opt out of the Settlement.

i.   "Class Period" means the period from and including July 1, 2004, up to and including February 28, 2013.

j.   "Court" means the United States District Court for the Eastern District of Virginia, through the Judge assigned to the Civil Action.

k.   "Declarant" means an individual who is or was Enrolled as a student at RSHT and who provided a signed declaration to Plaintiffs' Counsel as evidence in support of Plaintiffs' claims in the Civil Action.  A list of all Declarants is attached as Exhibit 3.

l.   "Defendant" and "RSHT" mean Defendant Richmond School of Health and Technology, Inc., and all its past and present officers, directors, employees, agents, attorneys, servants, representatives, parents, subsidiaries, affiliates, partners, shareholders, and all other persons, partnerships, or corporations with whom any of the former have been, or are now, affiliated and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

m.  "Defense Counsel" means Brenner, Evans & Millman, P.C.

n.  "Effective Date" means the date upon which the Settlement contemplated by this Settlement Agreement shall become effective, as set forth in paragraph 54.

o.  "Enrolled" means a student who has entered into an enrollment agreement with RSHT and has attended at least one day of class at RSHT.  A student is Enrolled at RSHT from and including the latest of (i) the date that he or she signed an enrollment agreement; or (ii) the date that he or she first attended a class at RSHT, until and including the latest of (i) the date that he or she last attended a class at RSHT; (ii) the date that he or she last attended an externship arranged by RSHT; or (iii) the date he or she graduated from RSHT.

p.  "Insurance Policies" means policies of commercial generally liability and commercial umbrella liability insurance issued by Insurer to Defendant.

q.  "Insurer" means Nationwide Mutual Insurance Company.

r.  "Lead Plaintiffs' Counsel" means the law firm of Relman, Dane & Colfax PLLC.

s.   "Long Form Notice" means the Notice of Proposed Settlement of Class Action, which is to be sent to members of the Class substantially in the form attached hereto as Exhibit 4.

t.  "Notices" means the Long Form Notice and the Short Form Notice.

u.  "Order and Final Judgment" means the Order Granting Approval of Proposed Class Action Settlement, and Certification of Class, to be entered by the Court substantially in the form attached hereto as Exhibit 5.

v.  "Order for Notice and Hearing" means the Order Granting Preliminary Approval of Proposed Class Action Settlement, Provisional Certification of Class and Approval of Notice, to be entered by the Court substantially in the form attached hereto as Exhibit 6.

w.  "Plaintiffs' Counsel" means the law firms of Relman, Dane & Colfax, PLLC and Shelley & Schulte, P.C.

x.  "Qualified Class Member" means a Class Member who is (i) a Plaintiff or (ii) has submitted a Claim Form and been determined by the Claims Administrator to be eligible to receive a monetary share of the Settlement Fund.

y.  "Released Claim(s)" means those claims defined in Section XI.

z.  "Released Person(s)" means those persons defined in Section XI.

aa.  "Settlement" means the settlement embodied by this Settlement Agreement.

bb. "Settlement Fund" shall be all the cash amounts paid by or on behalf of Defendant in settlement of the Civil Action, including any interest accrued on those amounts.

cc. "Short Form Notice" means the Notice of Proposed Settlement of Class Action, which is to be published in newspapers as set forth herein substantially in the form attached hereto as Exhibit 7.

## II. SETTLEMENT CLASS

2.      The Parties agree and stipulate that for purposes of resolution of claims for monetary relief, pursuant to the Court's approval, the putative Class should be certified under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and that for purposes of resolution of claims for injunctive relief the putative class should be certified under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.

3.      The Parties agree that the following plaintiff class should be approved and certified pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure: all persons who have been Enrolled at RSHT at any time during the Class Period.

### III. ALLOCATION AND DISTRIBUTION OF MONETARY RELIEF

4.      **Settlement Fund:**  Insurer agrees to pay or cause to be paid, on behalf of Defendant, $5,000,000, which shall constitute the Settlement Fund.  The Settlement Fund shall be distributed into three separate accounts as follows:

a.      <u>Escrow Account:</u>  Within ten (10) days following the Effective Date, Insurer shall pay or cause to be paid, on behalf of Defendant, $3,250,000 into an interest-bearing escrow account on behalf of Plaintiffs and the Class designated and controlled by the Claims Administrator (the "Escrow Account");

b.      <u>Attorneys' Fees Account:</u>  Within ten (10) days following the Effective Date, Insurer shall pay or cause to be paid, on behalf of Defendant, $1,650,000 into an interest bearing account designated by Lead Plaintiffs' Counsel, as payment to Plaintiffs' Counsel as attorneys' fees (the "Attorneys' Fees Account");

c.      <u>Administration Costs Account:</u>  Within five (5) days following the date of entry of the Order for Notice and Hearing, Insurer shall pay or cause to be paid, on behalf of Defendant, $100,000 into an interest-bearing account designated and controlled by Lead Plaintiffs' Counsel (the "Administration Costs Account").  Funds from the Administration Costs Account may be dispersed, as reasonably required and without further approval of the Court, to pay Claims Administration Costs incurred by the Claims Administrator, billed to Lead Plaintiffs' Counsel as they become due.  This amount does not limit the ability of Lead Plaintiffs' Counsel to seek Court approval for dispersal of additional costs from the Settlement Fund prior to the balance of the Settlement Fund being disbursed to Class Members.

5.      The Settlement will be non-recapture; *i.e.*, it is not a claims-made settlement. Defendant and Insurer have no ability to keep or recover any of the Settlement monies unless the Settlement Agreement does not become effective.

6.      **Allocation of Escrow Account:**  Within twenty-one (21) days after the Effective Date, the funds in the Escrow Account shall be allocated and disbursed in the following manner:

a.   $195,905.84 shall be designated for payment to the named Plaintiffs as reimbursement for expenses and liabilities incurred to attend RSHT, plus an additional $10,000 each, as follows:

i.   Mary Morgan shall receive $19,883.82;

ii.   Amanda Smith shall receive $33,049.09;

iii.   Sade Battle shall receive $16,208.66;

iv.   La-Deva Dabney shall receive $25,659.56;

v.   Kyra Franklin shall receive $34,640.05;

vi.   Ashley Thomas shall receive $14,995.23;

vii.   Loretta Towns shall receive $28,176.58;

viii.   Tammara Herbert shall receive $23,292.85.

b.   $225,000.00 shall be designated for payment to the Declarants as reimbursement for expenses and liabilities incurred to attend RSHT, in an amount of $3,000 for each Declarant.

c.   For each Class Member who, in conformity with the procedures set forth in Section VI, opts out of the Settlement and does not rescind his or her opt out, $5,000.00 shall be held in reserve.  Within the first year following distribution of checks from the Escrow Account to Qualified Class Members, the funds so held in reserve may be used at the discretion of Defendant to pay legal expenses or settlement costs with respect to claims made by unrescinded

opt-outs related to the claims in the Civil Action, except that no individual opt-out shall be paid more in settlement from such funds than 75% of the amount distributed to each Qualified Class Member (excluding Plaintiffs and Declarants) pursuant to paragraphs 6(d) and 7.  The Claims Administrator shall distribute funds pursuant to Defendant's instructions in accordance with this subparagraph.

      d.   The balance of the funds in the Escrow Account shall be distributed in equal amounts to Qualified Class Members, excluding named Plaintiffs and Declarants, as reimbursement for expenses and liabilities incurred to attend RSHT.

      7.   If pursuant to paragraph 6(d) each Qualified Class Member (other than named Plaintiffs and Declarants) would receive over $2,000, then notwithstanding paragraphs 6(b) and 6(d), each Declarant shall receive $3,000; each Qualified Class Member (excluding named Plaintiffs and Declarants) shall receive $2,000; and the remaining funds available for distribution to Qualified Class Members shall be divided equally among all Declarants and all other Qualified Class Members, excluding Plaintiffs, except that no Class Member who is not a Plaintiff or Declarant shall receive more than $10,000.

      8.   If any money is not distributed from the Escrow Account because of the $10,000 limit set forth in paragraph 7, the reservation of funds pursuant to paragraph 6(c), or for any other reason money remains in the Escrow Account or the Administration Costs Account one year after distribution of checks from the Escrow Account to Qualified Class Members, all such remaining money shall be donated to such non-profit organizations dedicated to the furtherance of the civil rights of African Americans as Plaintiffs select at that time.  Until the expiration of this one-year period, such funds, except for funds that reflect uncashed checks to Qualified Class

Members, may be added to those reserved pursuant to paragraph 6(c) and may be used for and subject to the limitations set forth therein.

9.      All (i) taxes on the income of the Settlement Fund and (ii) expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants) (collectively, "Taxes") shall be paid out of the Administration Costs Account, shall be considered to be a cost of administration of the Settlement, and shall be timely paid by the Claims Administrator without prior order of the Court.

10.      The Claims Administrator shall be solely responsible for timely filing all informational and other tax returns necessary to report any net taxable income earned by the funds in the Escrow Account and shall timely file all informational and other tax returns necessary to report any income earned by the funds in the Escrow Account and shall be solely responsible for timely taking out of the funds in the Escrow Account, as and when legally required, any tax payments, including interest and penalties due on income earned by the funds in the Escrow Account.  All taxes (including any interest and penalties) due with respect to the income earned by the funds in the Escrow Account shall be paid from the Settlement Fund. Defendant and Insurer shall have no responsibility to make any filings relating to the Settlement Fund and will have no responsibility to pay taxes on income earned by the Settlement Fund or pay any taxes on the Settlement Fund, unless the Settlement is not consummated and the Settlement Fund is returned.  In the event the Settlement is not consummated, Insurer shall be responsible for the payment of all taxes (including any interest or penalties) on said income.

11.      Within ten (10) days after the Claims Administrator has resolved all timely-filed written challenges, and prior to disbursement of the funds in the Escrow Account, the Claims

11

Administrator shall estimate the Claims Administration Costs expected to be incurred to finalize implementation and administration of the Settlement.  Based on that estimation, Lead Plaintiffs' Counsel shall determine whether any remaining funds in the Administration Costs Account shall be dispersed to the Escrow Account for allocation to Qualified Class Members.

12.     Administration and implementation of the Escrow Account shall be the responsibility of the Claims Administrator.  Within twenty-one (21) days of the Effective Date or the date on which the Claims Administrator must make final determinations regarding the eligibility of Claimants pursuant to Sections IX and X, whichever is later, the Claims Administrator shall mail all checks to the last known address of each Qualified Class Member. The Claims Administrator shall use its best efforts to complete the disbursement of the Settlement Fund as expeditiously as possible.

13.     **Allocation of Attorneys' Fees Account:**  The Parties agree that Plaintiffs, the Settlement Class and Plaintiffs' Counsel are entitled to recover their reasonable attorneys' fees and costs that they have expended in this case in an amount of $1,650,000, based on the "Common Fund" doctrine.  This amount represents 33% of the Settlement Fund.  This amount is approximately $175,000 less than Plaintiffs' Counsel's lodestar amount of fees incurred as of January 31, 2013.  This amount satisfies any obligation Defendant, and Insurer on its behalf, may have to pay reasonable attorneys' fees, expenses and costs to the Plaintiffs and any members of the Settlement Class for any and all work performed through and including the Effective Date. This amount shall be paid into the Attorneys' Fees Account within ten (10) days following the Effective Date.

## IV. RELIEF PROVIDED BY THE SETTLEMENT

14.      In full, complete and final resolution of the claims asserted or that could have been asserted in the Civil Action and the Coverage Case arising in whole or in part from the facts asserted in those cases, and subject to the satisfaction of all the terms and conditions of this Settlement Agreement, the Parties shall comply with the following provisions:

15.      **Monetary Relief:**  As provided in Section III, Insurer, on behalf of Defendant, shall pay or cause to be paid $5,000,000 in settlement of the Civil Action.

16.      **Nonmonetary Relief:**  Defendant agrees to the following undertakings as terms under this Settlement Agreement and consents to the jurisdiction of the Court for a period of two years following the Effective Date in the event of any alleged breach of this paragraph:

a.   Compliance with Law:  Defendant will comply, to the extent applicable, with all laws and legal prohibitions forming the bases of Counts I through V of the Second Amended Complaint.  This includes, without limitation, compliance with the Equal Credit Opportunity Act (15 U.S.C. § 1691(a)(1)), 42 U.S.C. § 2000d, and the Virginia Consumer Protection Act (Va. Code Ann. § 59.1-200 *et. seq.*), and with contractual provisions (including, to the extent applicable, implied provisions) in enrollment agreements or equivalent contracts it enters into with students or prospective students.  Defendant does not concede that it is subject to each of the code sections above and specifically denies that it has committed any violations of any such code sections.

b.   Disclosure of Audit Information:  Subject to any approval required by applicable federal or state agencies or accrediting bodies:

i.      Defendant agrees to make available upon request by any applicant for admission to the School or current student any audit, report, or findings regarding the

13

School by an Auditing Entity, subject to the execution by the requesting person of a non-disclosure agreement.

ii.      Upon request from an Auditing Entity, the United States Department of Education, or Lead Plaintiffs' Counsel, Defendant agrees to make available any audit, report, or findings regarding the School by an Auditing Entity, and any information provided by Defendant to the Auditing Entity in connection with the audit, report or findings.  Disclosure to Lead Plaintiffs' Counsel shall be subject to the provisions of the Stipulated Protective Order entered in the Civil Action.

iii.      To the extent that any information produced pursuant to this paragraph contains students' confidential or private information, Defendant shall redact such confidential or private information.

c.  Recordkeeping:

i.      Defendant agrees to compile and maintain on an annual basis, to the best of its ability and based upon the results of surveys of former students and other information readily available to it, statistics reflecting, by RSHT program:

a.      the percentage of RSHT graduates (1) employed in their field of study within twelve months of graduating from RSHT; (2) employed, but not in a position in their field of study, within twelve months of graduating from RSHT; and (3) not employed within twelve months of graduating from RSHT;

b.      (1) the percentage of students enrolled at RSHT who took the relevant licensing or certification exam in their field of study; (2) the percentage of students who graduated from RSHT who took the relevant licensing or certification exam in their field of study; and (3) the pass rate for

14

students who Enrolled at RSHT who took the relevant licensing or

certification exam in their field of study;

c.      the mean and median salaries earned by RSHT graduates (1)

employed in their field of study within twelve months of graduating from

RSHT; and (2) employed, but not in a position in their field of study, within

twelve months of graduating from RSHT.

ii.      Defendant agrees to make available upon request by any applicant

for admission to the School, Auditing Entity, the United States

Department of Education, or Lead Plaintiffs' Counsel all information

relied upon in generating the statistics addressed in paragraph 16(c)(i).

d.   Admissions Procedures:

i.      Defendant agrees to make publicly available on its website and include in

its admissions flip chart shown to prospective students, prior to entering into an

enrollment agreement with any student, the information identified in paragraph

16(c)(i) for the most recent year available;

ii.      Defendant agrees to provide or make available to each prospective

student, prior to entering into an enrollment agreement with such student, the

disclosures provided for in 34 C.F.R. § 668.6(b) and the institutional information

provided for in 34 C.F.R. § 668.43.

e.   Withdrawals:

i.      With respect to federal funds, Defendant agrees to abide by the provisions

of 34 C.F.R. § 668.22;

15

ii.     With respect to money owed to the School by students, RSHT agrees to comply with the standards promulgated by the Council on Occupational Education as embodied in its Cancellation and Refund Policy, as amended from time to time, which policy shall be made available to all prospective students making application for enrollment to the School.  A copy of the current version of that policy is attached hereto as Exhibit 8.

## V. ORDER FOR NOTICE AND HEARING

17.     Concurrently with submission of this Settlement Agreement, Plaintiffs shall submit to the Court a motion for entry of the Order for Notice and Hearing, requesting preliminary approval of the Settlement and certification of the Class; and authorization to disseminate Notice of such certification of the Class, of the Settlement, and of the final judgment contemplated by this Settlement Agreement to all known Class Members.

18.     Defendant agrees to affirmatively support Plaintiffs' motion and agrees that the relief sought by Plaintiffs' motion is fair and adequate, and that the Court should grant it in its entirety.

## VI. ADMINISTRATION OF NOTICE

19.     Within five (5) days after the date of entry of the Order for Notice and Hearing, Defendant shall prepare and deliver an Excel spreadsheet to the Claims Administrator containing the names, last known addresses, last known telephone numbers, social security numbers, and information sufficient to determine eligibility as a Class Member, including the last date on which each individual was Enrolled, of all Class Members ("Class Intake List").  Defendant shall simultaneously provide a copy of the spreadsheet to Lead Plaintiffs' Counsel.

20.     The Claims Administrator shall conduct a trace using LexisNexis and the National Change of Address registry to determine, to the best extent possible and using its discretion, the most likely current address of each individual on the Class Intake List.

21.     Within twenty-one (21) days after the date of entry of the Order for Notice and Hearing, the Claims Administrator shall cause to be mailed, via first class mail, a Long Form Notice substantially in the form of Exhibit 4 to the most recent addresses of the individuals on the Class Intake List.

22.     Within twenty-one (21) days after the date of entry of the Order for Notice and Hearing, or as soon thereafter as publication schedules permit, the Claims Administrator shall cause to be published the Short Form Notice, substantially in the form of Exhibit 7, in the Richmond Times-Dispatch and the Progress-Index by purchasing, for three (3) consecutive calendar days, a one-quarter (1/4) page advertising space in the main news section of each periodical.

23.     No later than the earlier of the date on which the Claims Administrator first mails Long Form Notices or causes to be published the Short Form Notice, the Claims Administrator shall maintain and staff with live persons a toll free "800" line to receive calls from Class Members between the hours of 9:00 a.m. and 7:00 p.m. (Eastern Standard Time), Mondays through Fridays.  At all other times, the line shall be answered by a voicemail message recording device.  These hours of telephone coverage shall be subject to revision and modification upon agreement of the Plaintiffs and Defendant based on the recommendation of the Claims Administrator.

24.     For each Notice mailed to a person on the Class Intake List and returned as undeliverable, the Claims Administrator shall, within ten (10) days after receipt of the

undeliverable Notice, re-mail the Notice to any additional address obtained for such Class Member that the Claims Administrator, in its discretion, determines is reasonably likely to be the current address of such Class Member.

25.     Class Members who wish to present objections to the proposed Settlement must do so in writing as specified by the procedure in the Long Form Notice.  Written objections must be mailed and postmarked no later than seventy-seven (77) days after entry of the Order for Notice and Hearing to the United States District Court for the Eastern District of Virginia, Richmond Division, 701 East Broad Street, Richmond, VA 23219, and to Lead Plaintiffs' Counsel and Defense Counsel.  In the event the Claims Administrator receives a written objection, within five (5) days of receipt, the Claims Administrator shall serve copies on Lead Plaintiffs' Counsel, who will electronically file the written objection with the Court and cause the written objections to be served electronically on Defense Counsel contemporaneously therewith.

26.     Class Members who wish to opt out of the proposed Settlement must do so in writing as specified by the procedure in the Long Form Notice.  Requests to opt out of the proposed Settlement must be received by the Claims Administrator within sixty-three (63) days after entry of the Order for Notice and Hearing.  The Claims Administrator shall determine whether a Class Member has timely satisfied the procedure set forth in the Long Form Notice. Within three (3) days of receipt of an opt-out, the Claims Administrator shall serve copies on Lead Plaintiffs' Counsel and Defense Counsel.

27.     Any Class Member who exercises the right to opt out of the proposed Settlement shall have a right to rescind his or her opt-out by following the procedure specified in the Long Form Notice.  Opt-out rescissions must be received by the Claims Administrator within seventy-

18

seven (77) days after the entry of the Order for Notice and Hearing, unless extended by order of the Court. The Claims Administrator shall determine whether a Class Member has timely satisfied the procedure set forth in the Long Form Notice. The parties agree that it would be appropriate and beneficial for the Court, through the offices of a Magistrate Judge or otherwise, to communicate with opt-outs prior to the rescission deadline regarding their decision to opt out.

28.     Within eighty-two (82) days after entry of the Order for Notice and Hearing, the Claims Administrator shall serve all requests to opt out of the proposed Settlement that have not been rescinded and an inventory listing the requests to opt out that have not been rescinded on Lead Plaintiffs' Counsel and Defense Counsel. The Claims Administrator shall retain copies of all requests to opt out and rescissions in its files until such time as it is relieved of all duties and responsibilities under this Settlement Agreement.

## VII. TERMS AND ORDER OF FINAL JUDGMENT

29.     Within eighty-four (84) days after the date of entry of the Order for Notice and Hearing, unless extended by order of the Court, Plaintiffs shall move the Court to enter an Order and Final Judgment substantially in the form attached hereto as Exhibit 5, and shall file a memorandum addressing any timely-filed written objections to the Settlement.

30.     Defendant agrees affirmatively to support Plaintiffs' request and agrees that the relief requested by Plaintiffs is fair and adequate and that the Court should grant Plaintiffs' motion in its entirety.

31.     The proposed Order and Final Judgment shall provide for the following:

a.     Approval of the final Settlement of the claims asserted or that could have been asserted in the Civil Action arising, in whole or in part, from the facts asserted in the Civil Action, including incentive awards to the named Plaintiffs and Declarants, adjudging the

19

Settlement to be fair, reasonable and adequate, directing consummation of the terms and provisions of the Settlement Agreement and requiring the Parties to take the necessary steps to effectuate its terms and provisions;

b.   Dismissal with prejudice of the claims of Plaintiffs and the Class in the Civil Action, whether asserted directly, individually or in a representative or derivative capacity, and without additional costs or expenses to any party other than as provided for in this Settlement Agreement;

c.   A list of all members of the Class who have timely opted out of the Class and have not rescinded their opt out;

d.   To the extent permitted by law, a permanent injunction barring each and every Class Member who has not opted out of the Class from asserting, either directly, individually, or in a representative or derivative capacity, any Released Claim, defined at paragraph 50, against Defendant; and

e.   The Parties' submission to, and the Court's continuing retention of, exclusive jurisdiction over this matter for the purposes of effectuating and supervising the enforcement, interpretation or implementation of this Settlement and the judgment entered thereon, and resolving any disputes that may arise hereunder.

f.   That on the Effective Date, all Class Members who have not opted-out of the class shall be bound by this Settlement Agreement and by the Order and Final Judgment.

## VIII. DISTRIBUTION OF CLAIM FORMS

32.   Within ten (10) days after the date of entry of the Order and Final Judgment by the Court, the Claims Administrator shall mail a Claim Form and instructions, substantially in the form of Exhibit 1, and a preaddressed business return envelope to each individual on the

Class Intake List, as updated by the Claims Administrator to reflect the results of any determinations made during the period of Notice administration regarding current contact information of Class Members.

33.     The Claims Administrator shall further be responsible for mailing Claim Forms, substantially in the form of Exhibit 2, to all potential Claimants who request such forms within seven (7) days after receiving such request, and for serving as a repository for the receipt of Claim Forms upon their return by all Claimants.

34.     Within seven (7) days of receiving each Claim Form, the Claims Administrator shall initially review each Claim Form received and determine if the form is complete, timely and properly signed, unless the volume of submissions at any time renders such deadline impracticable, in which case the Claims Administrator shall issue such determinations as soon as reasonably practicable.

35.     In the event that the Claims Administrator determines that a Claimant is not eligible to participate in the Settlement Fund, the Claims Administrator shall send the Claimant a written notice that states the reason(s) for the determination.  This notice shall be sent to the Claimant's last-known address by first-class mail, postage prepaid, and shall inform the rejected Claimant of his or her right to challenge the determination, as well as the procedures for doing so.  To file a challenge, a rejected Claimant must notify the Claims Administrator in writing of his or her desire to challenge the determination.  The written challenge must be postmarked no later than twenty-one (21) days after the date of the Claims Administrator's letter notifying the Claimant of the adverse determination.  Written challenges postmarked after the twenty-one (21) day time period shall be deemed waived, regardless of whether the Claimant received the notice finding the Claimant not eligible to participate in the Settlement Fund.

36.     Within seven (7) days of receiving a timely written challenge by a rejected Claimant, the Claims Administrator must determine whether the Claimant is eligible to participate in the Settlement Fund, unless the volume of submissions at any time renders such deadline impracticable, in which case the Claims Administrator shall issue such determinations as soon as reasonably practicable.  In the event that a rejected Claimant submits a timely written challenge to the determination made by the Claims Administrator, and the Claims Administrator determines that the Claimant is eligible, the Claims Administrator shall process the Claimant's Claim Form accordingly.

37.     In the event that a rejected Claimant submits a timely written challenge to the determination made by the Claims Administrator, and the Claims Administrator determines that the Claimant is not eligible, the Claims Administrator's determination will be regarded as final, the Claimant will not be eligible to receive payment from the Settlement, and the Claims Administrator shall send notice of its determination to the Claimant.

38.     In the event that Plaintiffs' Counsel, Defendant, or Defense Counsel receives requests from potential Claimants for Claim Forms, a list of such requests shall be maintained by the recipient and each request shall be transmitted within five (5) days to the Claims Administrator, who shall retain sole responsibility for the mailing and receipt of all Claim Forms, as well as for the return and tracing of all incomplete Claim Forms.

39.     In the event that Plaintiffs' Counsel, Defendant, or Defense Counsel receives submissions of Claim Forms from Claimants, those submissions shall be recorded and transmitted within five (5) days to the Claims Administrator, who shall retain sole responsibility for the mailing and receipt of all Claim Forms, as well as for the return and tracing of all incomplete Claim Forms.

40.     The Claims Administrator shall, on a periodic basis, submit reports of its activities upon request by Lead Plaintiffs' Counsel or Defense Counsel.  Upon the request of Lead Plaintiffs' Counsel or Defense Counsel, the Claims Administrator shall provide copies of Claim Forms, rejected claim data, and any and all other documents or information related to the claims procedure.

## IX. ELIGIBLE CLASS MEMBERS

41.     For all persons other than the named Plaintiffs and Declarants, eligibility to receive payment from the Fund shall be contingent upon:

> a.   Submission of a completed Claim Form, *see* Exhibits 1 and 2, signed under oath pursuant to the requirements of 28 U.S.C. § 1746 and postmarked no later than ninety (90) days after the date of entry of the Order and Final Judgment (unless such period is extended by Order of the Court);

> b.   A determination by the Claims Administrator that the person meets the Class definition; and,

> c.   A determination that the person has not opted out of the lawsuit.

42.     All Claim Forms must be submitted within ninety (90) days of the date of entry of the Order and Final Judgment, unless such period is extended by Order of the Court.  Any Class Member who fails to submit a Claim Form by such date, excluding individuals who opt out of the Settlement, shall be forever barred from receiving any payment pursuant to this Settlement Agreement (unless, by Order of the Court, a later submitted Claim Form by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Settlement Agreement and the Settlement including the terms of the Order and Final Judgment to be entered in the Civil Action and the releases provided for herein, and will be barred from bringing any action against the Released Persons concerning the Released Claims.  The date on which a Claim

23

Form shall be deemed to have been submitted shall be determined in accordance with paragraph 74..

43.     Each Claimant must submit his or her own Claim Form.  A parent, legal guardian, conservator, or next friend may complete and sign a Claim Form on behalf of a minor, a person adjudicated legally or mentally incapacitated or incompetent in accordance with state law, or a person who is found by his physician to be medically incapable of contracting.

44.     It shall be the responsibility of the Claims Administrator to determine a Claimant's eligibility to receive a monetary share of the Settlement Fund.  Plaintiffs, Defendant, and Insurer stipulate and agree that they will not challenge any determination made by the Claims Administrator concerning a Claimant's eligibility to receive a monetary award from the Settlement Fund.  For Claimants who are not on the Class Intake List, the Class Administrator shall make its determination on the basis of any documents submitted by the Claimant in support of a Claim Form and any relevant records obtained from Defendant.  In no instance will a completed and signed timely Claim Form from a Claimant who is not on the Class Intake List be sufficient by itself to establish eligibility.

45.     The Claims Administrator shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Form submitted, or to utilize an excusable neglect standard with respect to deadlines, in the interests of achieving substantial justice.

## X. DISPUTE RESOLUTION PROCEDURES

46.     The Parties recognize that questions may arise as to whether the Parties are fulfilling their obligations as set forth herein.  In the spirit of common purpose and cooperation that occasioned this Settlement Agreement, the Parties agree to the following.

24

47.     If differences arise between any of the Parties with respect to the Parties'
compliance with, interpretation of, or implementation of the terms of this Settlement Agreement,
efforts shall be made by the Parties to resolve such differences promptly in accordance with the
following Dispute Resolution Procedure.

48.     If one party believes an issue must be resolved, it shall promptly notify the other
parties in writing of the issue and the facts and circumstances relied upon in asserting its
position.  The parties notified of the issue shall be given a reasonable period of time (not to
exceed fifteen (15) days) to review the facts and circumstances and to provide the party raising
the issue with its written position including the facts and circumstances upon which it relies in
asserting its position.  Within a reasonable period of time thereafter (not to exceed fifteen (15)
days), the Parties shall meet, by telephone or in person, and attempt to resolve the issue
informally.  If a party believes that resolution cannot be achieved following a meeting to discuss
the dispute, the party shall promptly notify the other parties in writing that it is terminating
discussions, and shall specify its final position with regard to resolving the dispute.  The
notifying party may then petition the Court for relief.

49.     Nothing in this Section shall prevent any party from promptly bringing an issue
before the Court when, in the moving party's view, the facts and circumstances require
immediate court action.  The moving party's papers shall explain the facts and circumstances
that necessitate court action.  If any party brings a matter before the Court requiring court action,
the opposing party shall be provided with appropriate notice under the Local Rules of the United
States District Court for the Eastern District of Virginia and the Federal Rules of Civil
Procedure.

## XI. SCOPE AND EFFECT OF SETTLEMENT

50.     In consideration of the obligations and commitments undertaken by Defendant, which constitute good and valuable consideration, and upon approval by the Court of this Settlement Agreement and the occurrence of the Effective Date, Plaintiffs and all Class Members other than those who have opted out of the Class shall be deemed to have fully, finally and forever, released, acquitted and discharged Defendant and each of its predecessors, successors, past and present officers, directors, trustees, partners, shareholders, employees, agents, attorneys, accountants, Insurers, co-Insurers, re-Insurers, parents, affiliates and subsidiary companies, and the assigns and heirs of each of them (hereinafter collectively referred to as the "Released Persons") from any and all claims and causes of action whatsoever at law or equity, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden that could have been asserted, have been asserted, or are now pending on behalf of any Plaintiff or Class Member arising in whole or part from the facts that Plaintiffs or the Class have asserted in the Civil Action, including all such claims any Class Members have raised or might have raised now or in the future.  (All of the foregoing is defined as "Released Claims.")

51.     Plaintiffs and Class Members who do not opt out, and their attorneys, shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits and causes of action, whether class, individual or otherwise in nature, that the Defendant ever had, now has, or hereafter can, shall, or may have on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries or damages, and the consequences thereof, in any way arising out of or resulting from their attendance at Defendant's schools or prosecution of this lawsuit from the beginning of time to the date of this Settlement Agreement, except that this release shall not

26

apply in any way to (a) any federally or state guaranteed student loan obligation outstanding or any obligation owed to a third-party lending institution, and (b) any liability for tuition or an application fee owed to Defendant by a Class Member.

52.     The releases set forth in this Section shall not encompass or be deemed to impair any claims that may arise out of the implementation of this Settlement Agreement.

53.     The provisions of this Settlement Agreement are not intended to eliminate or terminate any rights otherwise available to Plaintiffs or Class Members for acts by Defendant occurring after the Class Period.

### XII. GENERAL PROVISIONS

54.     The Effective Date of Settlement shall be the date when all of the following shall have occurred:

a.   entry of the Order for Notice and Hearing in all material respects in the form attached hereto as Exhibit 6;

b.   final approval by this Court of the Settlement Agreement and Settlement, following Notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

c.   entry by the Court of an Order and Final Judgment, in all material respects in the form set forth in Exhibit 5 attached hereto, and the expiration of any time for appeal or review of such Order and Final Judgment, or, if any appeal is filed and not dismissed, after such Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by writ of certiorari, or, in the event that the Court enters an order and final judgment in the form other than that provided above ("Alternative Judgment") and none of

the Parties hereto elect to terminate the Settlement Agreement and Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review.

55.     On the date that the Parties have executed this Settlement Agreement, the Parties shall be bound by its terms, and this Settlement Agreement shall not be rescinded except in accordance with paragraphs 59 and 60.

56.     After the Court has preliminarily approved this Settlement Agreement and before the Court issues an Order and Final Judgment approving this Settlement Agreement, disbursements of reasonable Claims Administration Costs may be made from the Administrative Costs Account as set forth in paragraph 4(c).  Only those amounts described in this paragraph shall not be refundable to Defendant or its Insurer in the event the Settlement Agreement is disapproved, voided, or otherwise fails to become final.

57.     Funds in the Escrow Account shall be invested in obligations guaranteed by the United States Government or its agencies or in a mutual fund investing solely in obligations guaranteed by the United States Government or its agencies.  Funds in the Administrative Costs Account may be deposited in a federally insured bank account.  Interest will accrue to the Class and remain part of the Settlement Fund, subject to the provisions of paragraphs 59 and 60.

58.     In no event shall Plaintiffs, Defendant, Insurer, or their counsel have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration, except as expressly otherwise provided in this Settlement Agreement.

59.     If the Court does not approve this Settlement Agreement or any part thereof, or if such approval is materially modified or set aside on appeal, or if the Court does not enter the

Order and Final Judgment as provided in this Settlement Agreement, or if the Court enters the Order and Final Judgment and appellate review is sought, and following appellate review, such Order and Final Judgment is not ultimately affirmed upon exhaustion of the judicial process, then Defendant, Insurer, and Plaintiffs shall each, in their sole discretion, have the option to rescind this Settlement Agreement in its entirety, and any and all parts of the Settlement Fund, inclusive of interest accrued shall be returned forthwith to Insurer, less only such disbursements made in accordance with this Settlement Agreement.  A modification of the proposed order with regard to its provisions for attorneys' fees or incentive awards, or a modification or reversal on appeal of any amount of Plaintiffs' Counsel's fees and expenses awarded by the Court from the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or such Order and Final Judgment.

60.     If, after the final date on which written objections and requests to opt out of the Settlement must be received, more than 50 individuals who would otherwise be Class Members opt out of the proposed Settlement as specified in the procedure in the Long Form Notice, the Defendant shall have, in its sole and absolute discretion, the option to terminate this Settlement Agreement, within seven (7) days after the conclusion of the final date on which written objections and opt-out rescissions must be received.  In order to invoke this right, Defendant must file with the Court a document entitled "Notice of Nullification of Settlement Agreement." If the Settlement does not become final because this right is invoked, Insurer shall pay, or cause to be paid on behalf of Defendant, $150,000 into the Attorneys' Fees Account, which represents an estimation of the fees and costs incurred by Plaintiffs' Counsel in finalizing the Settlement between the September 28, 2012 mediation in this matter and the Effective Date, and which is not refundable.

29

61.     Defendant, Insurer, and Plaintiffs expressly reserve all of their rights if the Settlement Agreement does not become finally approved or if it is rescinded by the Plaintiffs, Defendant, or Insurer under paragraphs 59 and 60.  Further, and in any event, Plaintiffs, Defendant, and Insurer agree that this Settlement Agreement, whether or not it is finally approved by the Court and whether or not Plaintiffs, Defendant, or Insurer elect to rescind it under paragraphs 59 and 60, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, rule, regulation or law, or of any liability or wrongdoing by Defendant or Insurer, or of the truth of any of the claims or allegations in this Civil Action, or as a concession by the Plaintiffs of any infirmity or weakness in their claims against Defendant, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Civil Action or in any other action or proceeding.

62.     The United States District Court for the Eastern District of Virginia, through the Judge assigned to the Civil Action, shall retain exclusive jurisdiction over the implementation, enforcement, and performance of this Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement that cannot be resolved by negotiation and agreement by Plaintiffs, any Class Member, Defendant, and Insurer.  This Settlement Agreement shall be governed by and interpreted according to the substantive laws of the Commonwealth of Virginia without regard to its choice of law or conflict of laws principles.

63.     Defendant agrees to cooperate with Plaintiffs by providing to the Claims Administrator documents and electronic information required to facilitate Notice to the Class, eligibility determinations, and allocation and distribution of the fund to Qualified Class

30

Members.  In addition to the information identified in paragraph 19, Defendant agrees to furnish: all underlying records the Claims Administrator deems necessary to process any claim or resolve any dispute.

64.     This Settlement Agreement constitutes the entire agreement among Plaintiffs, Defendant, and Insurer pertaining to the Settlement of the Civil Action and the Coverage Case and supersedes any and all prior and contemporaneous undertakings of Plaintiffs, Defendant, and Insurer in connection therewith.  This Settlement Agreement may be modified or amended only by a writing executed by Plaintiffs, Defendant, and Insurer, and approved by the Court.

65.     This Settlement Agreement may be executed in counterparts by Plaintiffs, Defendant, and Insurer.

66.     Neither Defendant, Insurer, nor Plaintiffs, nor any of them, shall be considered the drafter of this Settlement Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Settlement Agreement.

67.     Nothing expressed or implied in this Settlement Agreement is intended to or shall be construed to confer upon or give any person or entity other than Plaintiffs, Class Members, Defendant, Insurer, and those giving or receiving releases, any right or remedy under or by reason of this Settlement Agreement.

68.     This Settlement Agreement and its exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, and correspondence, shall be considered a compromise within the meaning of Federal Rule of Evidence 408, and any equivalent rule of evidence or procedure of any state, including the Commonwealth of Virginia, and, except as permitted in paragraph 69, shall not (i) constitute, be construed, be offered, or received into evidence as an

admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Class Action, or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any party hereto, or as a concession by the Plaintiffs of any infirmity or weakness in their claims against Defendant; or (ii) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

69.     This Settlement Agreement, and any orders, pleadings or other documents entered in furtherance of the Settlement, may be offered or received in evidence solely (i) to enforce the terms and provisions hereof or thereof, (ii) to establish payment, proof of depletion or exhaustion of an insurance policy, prior payment for a claimed loss, set-off or an affirmative defense of exception in a subsequent case, including *res judicata*, (iii) to obtain Court approval of the Settlement, or (iv) for purposes of any reinsurance claim by Insurer.

70.     The undersigned persons represent that they are authorized to enter into this Settlement Agreement on behalf of the Parties they represent, and, on behalf of themselves and the Parties they represent, hereby agree to use their best efforts to obtain all approvals necessary and to do all other things necessary or helpful to effectuate the implementation of this Settlement Agreement according to its terms, including the exchange of documents and materials needed for the purpose of providing the Notice and conducting any hearing, and to satisfy the material conditions of this Settlement Agreement.

71.     Insurer consents to the jurisdiction over it of the Court in the Civil Action for purposes of implementing and enforcing this Settlement Agreement.

72.     Time periods set forth in days herein shall be computed in accordance with Federal Rule of Civil Procedure 6.

73.     Deadlines set forth herein may be modified by order of the Court.

74.     The date of submission of any document submitted in connection with this Agreement shall be determined as follows:

(a)  Mail:  Considered submitted on the postmark date.

(b)  Overnight Delivery:  Considered submitted on the date delivered to the carrier.

(c)  Facsimile:  Considered submitted on the transmission date at the local time of the submitting party.

(d)  Email:  Considered submitted on the date emailed at the local time of the submitting party.

(e)  Other Delivery or any situation where the governing date applicable to a category above cannot be determined:  Considered submitted on the date of receipt.

The date of submission of documents submitted to Class Counsel, Defense Counsel, Defendant or the Court rather than to the Claims Administrator shall be determined under the same criteria; to the extent subparagraph (e) applies in such circumstance, receipt by such party shall control.

## XIII. NOTICE UNDER THE CLASS ACTION FAIRNESS ACT

75.     The Class Action Fairness Act of 2005 ("CAFA") requires Defendant to inform certain federal and state officials about this Settlement.  *See* 28 U.S.C. § 1715.

76.     Under the provisions of CAFA, Defendant will serve notice on the appropriate officials within ten (10) days after the Parties file the Settlement Agreement with the Court.  *See* 28 U.S.C. 1715(b).

The Parties consent to this Settlement Agreement as indicated by the signatures below:

For Mary Morgan, Amanda Smith, Sade Battle, La-Deva Dabney, Kyra Franklin, Ashley Thomas, Loretta Towns, and Tammara Herbert, individually and on behalf of all others similarly situated:

John P. Relman
RELMAN, DANE & COLFAX PLLC
1225 19th Street, NW
Suite 600
Washington, DC 20036
(202) 728-1888
(202) 728-0848 (fax)

*Attorney for Plaintiffs*

Date: March 13, 2013

For Defendant Richmond School of Health and Technology, Inc.:

_____
Margarett R. Knight
*President*

Date: March 14, 2013

For Insurer Nationwide Mutual Insurance Co.:

Its _____

Date: 4.5.13

# EXHIBIT

# 1

# <u>INSTRUCTIONS</u>

**READ ALL INSTRUCTIONS CAREFULLY BEFORE FILLING OUT THE CLAIM FORM**

1.      Fill in all blanks on the claim form.

2.      Type or print all information on the claim form.

3.      You must date and sign the claim form.

4.      If any information on the claim form is incorrect, cross out the incorrect information. Clearly type or print the correct information above the crossed-out incorrect information.  If the box regarding your enrollment at RSHT is incorrectly marked, cross out the incorrect mark, and place an "X" in the correct box.

5.      By signing your claim form, you are declaring under penalty of perjury that the information provided is true and correct.  Please understand that you could be subject to criminal penalties for submitting any false information on your claim form.

6.      If you have any questions about these instructions or about how to complete the claim form, call the Claims Administrator at [#].  There is no fee for any service or assistance provided by the Claims Administrator.  **DO NOT CONTACT THE COURT OR THE CLERK OF THE COURT.**

7.      Mail your claim form to: [address for Claims Administrator].  **YOUR CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [DATE].  LATE CLAIM FORMS WILL NOT BE CONSIDERED.**

8.       If your address changes at any time before you have received payment or other final determination on your claim, mail your new address to the Claims Administrator at the address above.  Any change of address must be submitted in writing and include your signature.

9.      You do **not** need to have your own attorney help you submit a claim form or otherwise participate in this lawsuit.  However, if you do wish to consult your own attorney, you may do so at your own expense.

10.     Please keep a copy of the completed form for your records.

11.     For the purposes of this claim form, the term "Enrolled" means that you entered into an enrollment agreement with RSHT and that you attended at least one day of class at RSHT. Your first day of enrollment is the later of (i) the date that you signed an enrollment agreement; or (ii) the date that you first attended a class at RSHT.  Your last day of enrollment is the latest of (i) the date that you last attended a class at RSHT; (ii) the date that you last attended an externship arranged by RSHT; or (iii) the date that you graduated from RSHT.

# RSHT CLASS ACTION CLAIM FORM

*Mary Morgan, et al. v. Richmond School of Health and Technology, Inc.*, Case No. 3:12-cv-00373-JAG

FULL NAME: _____[pre-filled]_____
                                 Last                         First                            Middle

STREET ADDRESS: _____[pre-filled]_____
                                      Street No.                 Street Name                     Apt. No.

CITY: ____[pre-filled]_____   STATE: _[pre-filled]____   ZIP CODE: __[pre-filled]_____

TELEPHONE:  (____)_____          (____)_____
                            Daytime                              Evening

Were you enrolled at RSHT at any time from July 1, 2004 to February 28, 2013? (check one):

        Yes_____             No_____         [pre-filled]

I declare under penalty of perjury that the foregoing is true and correct.  I understand that I could be subject to criminal penalties for submitting any false information on this claim form.

_____
Signature

Executed on_____
                     (today's date)

**MAIL THIS FORM TO:  [address]**

**THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [DATE]
LATE CLAIM FORMS WILL NOT BE CONSIDERED**

# EXHIBIT

# 2

# <u>INSTRUCTIONS</u>

**READ ALL INSTRUCTIONS CAREFULLY BEFORE FILLING OUT THE CLAIM FORM**

1.      Fill in all blanks on the claim form.

2.      Type or print all information on the claim form.

3.      You must date and sign the claim form.

4.      By signing your claim form, you are declaring under penalty of perjury that the information provided is true and correct.  Please understand that you could be subject to criminal penalties for submitting any false information on your claim form.

5.      If you have any questions about these instructions or about how to complete the claim form, call the Claims Administrator at [#].  There is no fee for any service or assistance provided by the Claims Administrator.  **DO NOT CONTACT THE COURT OR THE CLERK OF THE COURT.**

6.      Mail your claim form to: [address for Claims Administrator].  **YOUR CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [DATE].  LATE CLAIM FORMS WILL NOT BE CONSIDERED.**

7.       If your address changes at any time before you have received payment or other final determination on your claim, mail your new address to the Claims Administrator at the address above.  Any change of address must be submitted in writing and include your signature.

8.      You do **not** need to have your own attorney help you submit a claim form or otherwise participate in this lawsuit.  However, if you do wish to consult your own attorney, you may do so at your own expense.

9.      Please keep a copy of the completed form for your records.

10.     For the purposes of this claim form, the term "Enrolled" means that you entered into an enrollment agreement with RSHT and that you attended at least one day of class at RSHT.

Your first day of enrollment is the later of (i) the date that you signed an enrollment agreement; or (ii) the date that you first attended a class at RSHT.  Your last day of enrollment is the latest of (i) the date that you last attended a class at RSHT; (ii) the date that you last attended an externship arranged by RSHT; or (iii) the date that you graduated from RSHT.

11.   Any documents you send that support your claim that you were enrolled at RSHT at any time from July 1, 2004 to February 28, 2013 will be considered in determining whether you are eligible to receive a monetary payment.  Examples of such documents include, but are not limited to:

    a.      transcripts from RSHT;

    b.      signed RSHT enrollment agreements;

    c.      RSHT certificates of completion;

    d.      cancelled checks or other documents showing payment to RSHT;

    e.      e-mails or letters from or to RSHT; or

    f.      any other document that supports your claim that you were enrolled at RSHT at any time from July 1, 2004 to February 28, 2013.

A determination of your eligibility will be made on the basis of any documents you submit with your claim form and RSHT's records.

# RSHT CLASS ACTION CLAIM FORM

*Mary Morgan, et al. v. Richmond School of Health and Technology, Inc.*, Case No. 3:12-cv-00373-JAG

FULL NAME:_____
                Last                    First                  Middle

STREET ADDRESS: _____
                        Street No.             Street Name            Apt. No.

CITY:_____   STATE:_____   ZIP CODE:_____

TELEPHONE:  (____)_____   (____)_____
                    Daytime                      Evening

SOCIAL SECURITY #:_____   DATE OF BIRTH: _____

Were you enrolled at RSHT at any time from July 1, 2004 to February 28, 2013? (check one):

        Yes____               No____

Dates of attendance at RSHT: _____   RSHT Program: _____

I declare under penalty of perjury that the foregoing is true and correct.  I understand that I could be subject to criminal penalties for submitting any false information on this claim form.

_____
Signature

Executed on_____
        (today's date)

**MAIL THIS FORM TO:  [address]**

**THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [DATE]
LATE CLAIM FORMS WILL NOT BE CONSIDERED**

# EXHIBIT

# 3

# DECLARANT LIST

1.  Michelle Archer
2.  Billie Starr Avington
3.  Vinnetta Banks
4.  Judith T. Berry
5.  Nichele D. Blakes
6.  Linda Bland
7.  Melissa Blaney
8.  Cathryn Champaco
9.  Jimetria Chavis
10. Sharon Chavis
11. Shelia Cheatham
12. Marquita T. Clanton
13. Shelissa D. Clanton
14. Whitley Clark
15. Jessica Davis
16. Victoria Davis
17. Erwin Dawkins, Sr.
18. Erin Delp
19. Ravonne Douglass
20. Jessica Durgin
21. Suzanne Ferrell
22. Lisa Franklin-Starke
23. Joyce Freeman
24. Lolita Grant
25. Latrice Greely
26. Delores Hargrove
27. Jasmine Hawkins
28. Nachay S. Hawkins
29. Mary Hite

30. Marcus Holloway
31. Olga I. Jimenez
32. Cheryl Johnson
33. Elisha Jones
34. Erika Joyner
35. Dawn Kidd
36. Kenya K. Layton
37. Kimberly Little
38. Siearra Mabry
39. Kathleen Martin
40. Ibi Mboto
41. Andrea M. McClamb
42. Herbert A. Meade
43. Barbara Miles
44. Jana Mirtcheva
45. Patricia Mitchell
46. Charlene M. Moore
47. Zulma Muniz
48. Qamarah Nasir
49. Latisha Neal
50. Ingrid A. Plata
51. Kerry Poe
52. Judith Nichole Patterson
53. June C. Rhodes
54. James Scott
55. Irene Shokunbi
56. Grace L. Silney
57. Mary Silney
58. Rochelle M. Smith

59. Jennifer Snotherly

60. Lisa M. Soto

61. Tamesha Telfair

62. Anita E. Thomas

63. Shanelle Thomas

64. Franklin T. Turner

65. Andre Tyler

66. Sheena Tyler

67. Debra Walker

68. L'Tanya Walker

69. Sandra White

70. Jolisa Williams

71. Regina Williams

72. Tianna Williams

73. Javon Winston

74. Delores Woody

75. Donna Wyatt

# EXHIBIT

# 4

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

*Mary Morgan, et al. v. Richmond School of Health and Technology, Inc.*, Case No. 3:12-cv-00373-JAG

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**TO:  ANY INDIVIDUAL WHO WAS ENROLLED AS A STUDENT AT THE RICHMOND SCHOOL OF HEALTH AND TECHNOLOGY ("RSHT") AT ANY TIME BETWEEN JULY 1, 2004 AND FEBRUARY 28, 2013**

*A federal Court authorized this notice.  This is not a solicitation from a lawyer.*

## INTRODUCTION

This notice is to inform you of a proposed Settlement that has been reached in a class action lawsuit brought against the Richmond School of Health and Technology, Inc. ("RSHT").  The proposed Settlement, if granted final approval by the Court, will result in the creation of a $5 million Settlement Fund to pay Plaintiff Class Members' claims, the Class Members' attorneys ("Plaintiffs' Counsel"), and certain administrative costs.  If you were enrolled as a student at RSHT at any time between July 1, 2004, and February 28, 2013, then you are a member of the Plaintiff Class and are eligible to receive a share of the Settlement Fund.

You have received this notice because RSHT's records indicate that you were enrolled as a student at RSHT between July 1, 2004, and February 28, 2013.  As a potential Class Member, you have the right to know about this Settlement and how this Settlement may generally affect your legal rights.  This notice describes the lawsuit, the Settlement, the legal rights of all Plaintiff Class Members, and the applicable deadlines.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **PARTICIPATE IN THE SETTLEMENT** | To participate in the Settlement, you must submit a Claim Form.  Submitting a Claim Form is the only way that you can receive a share of the Settlement Fund.  A Claim Form is not included with this notice.  A Claim Form will be mailed to you if the Court approves the Settlement.  You are not required to retain your own attorney to file a Claim Form, and you will not be required to pay any money for the services of Plaintiffs' Counsel. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | If you exclude yourself from the Settlement, you will not be eligible to receive a share of the Settlement Fund. |
| **OBJECT** | You have the right to object to the proposed Settlement.  To do so, you must submit a written objection to the Court, as described more fully in this notice.  You cannot object to the Settlement unless you are a Plaintiff Class Member and you do not exclude yourself from the Settlement. |
| **DO NOTHING** | If you are a member of the Plaintiff Class and do not submit a Claim Form as directed, you will not be eligible to receive a share of the Settlement Fund.  You will, however, remain a member of the Plaintiff Class, which means that you will be bound by any judgments or orders entered by the Court in this lawsuit. |

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY THIS LAWSUIT.**

1

## CASE INFORMATION

Plaintiffs, eight former students of the Richmond School of Health and Technology (or "RSHT"), initiated this lawsuit against Defendant, RSHT, alleging violations of both federal and state law. The lawsuit alleges that RSHT made misrepresentations to potential students to induce them to enroll and did not make a good faith effort to provide an adequate education to its students. Additionally, the lawsuit alleges that RSHT's practices injured students because, among other things, students took out federal student loans and made out-of-pocket payments to pay for an allegedly inadequate education. The lawsuit further alleges that RSHT targeted African Americans for enrollment and that RSHT's practices had a disproportionate adverse impact on African Americans. The lawsuit has conditionally been certified as a class action, brought on behalf of all individuals enrolled as students at RSHT between July 1, 2004 and February 28, 2013, as described more fully below.

The lawsuit seeks monetary damages, injunctive relief, and reasonable attorneys' fees and costs from the Defendant. The Defendant denies all claims made against it and maintains that its practices do not violate any laws.

The Plaintiffs and the Defendant have proposed a settlement of the lawsuit to the Court, the United States District Court for the Eastern District of Virginia, the Honorable John A. Gibney presiding. The Court has made a preliminary finding that the proposed Settlement is just and fair. The Court must grant final approval of the proposed terms of this Settlement Agreement in order for the Settlement to become final. The purpose of this notice is to provide information to potential members of the Plaintiff Class about their rights.

## DEFINITION OF CLASS ACTION AND THE PLAINTIFF CLASS

A class action is a type of lawsuit in which similar claims of a large number of individuals or entities are resolved together, thereby allowing for the efficient and consistent resolution of the claims of all class members in a single proceeding. In a class action lawsuit, one or more people, called "class representatives" or "named plaintiffs," sue on behalf of people who have similar claims, commonly known as the Plaintiff Class. In this class action lawsuit, the Court has conditionally certified a Plaintiff Class.

You are a member of the Class if you were enrolled as a student at RSHT at any time between July 1, 2004 and February 28, 2013.

## NAMED PLAINTIFFS AND CLASS COUNSEL

The Court has determined that the following eight named Plaintiffs will adequately represent the interests of all members of the Plaintiff Class and has designated them as class representatives: Mary Morgan, Amanda Smith, Sade Battle, La-Deva Dabney, Kyra Franklin, Ashley Thomas, Loretta Towns, and Tammara Herbert.

The Court has designated the law firms of Relman, Dane & Colfax PLLC and Shelley and Schulte, P.C. to represent the Plaintiff Class.

## SUMMARY OF PROPOSED SETTLEMENT AGREEMENT

### 1. Monetary Payments

Under the proposed Settlement, a $5 million Settlement Fund will be established to pay Class Members' claims, Plaintiffs' Counsel, and certain administrative costs. The proposed distribution of the Settlement Fund is as follows:

2

$195,905.84 of the Settlement Fund will be designated for payment to the eight named Plaintiffs in recognition of their willingness to bring this litigation on behalf of the Class and for the time and effort that they devoted to prosecuting this case.

$225,000 of the Settlement Fund will be designated for payment to the 75 students who provided sworn statements as evidence in support of Plaintiffs' claims ("Declarants"), in the amount of $3,000 per Declarant.

$1,650,000, or 33% of the Settlement Fund, will be designated for payment to Plaintiffs' Counsel for attorneys' fees and to reimburse costs paid for by Plaintiffs' Counsel.  Plaintiffs' Counsel have been working on this case for almost two years.  During the time that this case has been pending, Plaintiffs' Counsel have not been paid anything for their work and have not been reimbursed for the significant expenses that they have incurred in investigating and prosecuting this case.  The requested attorneys' fees are less than what Plaintiffs' Counsel would normally bill for the amount of time that Plaintiffs' Counsel spent working on this case.  In this type of litigation, it is customary for Plaintiffs' Counsel to be awarded a percentage of the Settlement Fund as their attorneys' fees.  The Court will decide whether to approve the amount of attorneys' fees that Plaintiffs' Counsel have requested.

The Settlement Fund will be administered by a Claims Administrator.  The Claims Administrator will review and process Claim Forms and notify Class Members about this Settlement.  Plaintiffs' Counsel will ask the Court to designate up to $100,000 of the Settlement Fund to cover the costs associated with administering the Settlement Fund.

For each individual who excludes himself or herself from the Class pursuant to the procedure described below, $5,000 from the Settlement Fund will be set aside to pay expenses associated with defending any separate claims brought by such persons against RSHT.  In the event of a separate claim, no individual will be able to receive from these funds more than 75% of what non-Plaintiff and non-Declarant Class Members receive from the Settlement Fund.

Each Class Member (other than the named Plaintiffs and Declarants) who files a timely, valid Claim Form will be entitled to an equal share of the remainder of the Settlement Fund.  This notice **does not** include a Claim Form; you will be mailed a Claim Form if the Court approves the proposed Settlement.  Your exact monetary payment cannot be calculated at this time.  The amount of each Class Member's share will depend upon the total number of valid Claim Forms that are timely submitted.

In the event that the distribution of the Settlement Fund results in payments of an amount more than $2,000 for each Class Member (who is not a named Plaintiff or a Declarant), each Declarant will receive $3,000; each Class Member will receive $2,000; and the remaining money will be divided equally among all Declarants and Class Members (except for the named Plaintiffs).  The maximum amount that any Class Member, excluding named Plaintiffs and Declarants, can receive under the terms of the proposed Settlement is $10,000.  Any remaining money will be donated to non-profit organizations selected by Plaintiffs.

Again, while your exact monetary payment cannot be calculated at this time, it is estimated that each Class Member (excluding named Plaintiffs and Declarants) will receive  $718 from the Settlement Fund if every Class Member files a valid Claim Form and approximately $1,000 if 70% of the Class Members file valid Claim Forms.  These estimates are based upon the number of individuals that the parties currently believe are part of the Class.  You could receive more or less from the Settlement Fund depending on the total number of valid, timely Claim Forms that are submitted by eligible Class Members.

The Settlement Agreement contains more details about the Settlement and the distribution of the Settlement Fund.  You can access the complete Settlement Agreement at www.relmanlaw.com/_____.

3

## 2. Injunctive Relief

In addition to the monetary payments described above, the Settlement will require the Defendant to adhere to certain practices. While the Defendant has denied any wrongdoing as part of the Settlement, the Defendant has promised that it will not violate the laws that are at issue in the lawsuit, and that it will make all of the necessary disclosures required by law to prospective students upon enrollment. The Defendant has further agreed to:

- Make all information and documents reviewed by or provided to an entity that conducts audits of the Defendant available, upon request, to the United States Department of Education ("DOE"), Plaintiffs' Counsel, and other entities that conduct audits of the Defendant;

- Make the reports and conclusions of those audits available, upon request, to students, prospective students, DOE, Plaintiffs' Counsel, and entities that conduct audits of the Defendant;

- Compile and maintain to the best of its ability (on a yearly basis) statistics regarding the employment rates of RSHT graduates, the percentage of RSHT students who both sat for and passed licensing and certification examinations, and the salaries of RSHT graduates, and provide this information to prospective students;

- Make the information that it used to compile statistics regarding the employment rates of RSHT graduates, the percentage of RSHT students who both sat for and passed licensing and certification examinations, and the salaries of RSHT graduates available, upon request, to the same entities identified in the first bullet above;

- Modify its Cancelation and Refund Policy to be consistent with standards promulgated by the Council on Occupational Education.

The Settlement Agreement contains more details about the Settlement. The complete Settlement Agreement is available at **[add information on how to access settlement agreement].**

# YOUR OPTIONS AS A POTENTIAL CLASS MEMBER

The proposed Settlement Agreement gives you the choice whether or not to remain in the lawsuit.

**A.** If you wish to remain in the lawsuit, you may be eligible to receive a share of the Settlement Fund as a member of the Plaintiff Class if you submit a properly completed Claim Form and are deemed to be an eligible Class Member. There is no Claim Form included with this notice. A Claim Form will be mailed to you if the Court approves the Settlement. If the Settlement is approved, you will also be able to request a Claim Form by calling **[# to claims administrator]**.

You are not required to retain your own attorney to remain in this lawsuit or to request or file a Claim Form. You will not be required to pay any money for the services of Plaintiffs' Counsel or their representatives and assistants.

If you remain in the lawsuit, and if the Court grants final approval of the proposed Settlement, then you will be bound by all of the terms of the Settlement. This means that you may be eligible to receive a share of the Settlement Fund. However, this also means that you will not be able to bring a separate lawsuit or other legal proceeding against RSHT related to the allegations and claims included in this lawsuit. Nor will you be able to challenge the Settlement Agreement after it has been finally approved by the Court.

You do **not** need to do anything **at this time** to participate in the Settlement.  However, if you do nothing after you receive the Claim Form, you will not receive a share of the Settlement Fund.  You will be bound by the Court's decision and will have released all claims against RSHT related to the allegations raised in this lawsuit.

**B.**  If you do not wish to remain a part of this lawsuit, then you may exclude yourself from the lawsuit by submitting a written request for exclusion to the Claims Administrator on or before **[date]**.  If you exclude yourself from this lawsuit, you will not be bound by the terms of the Settlement, and you will be free to bring your own lawsuit or other legal proceedings against the Defendant.

However, if you exclude yourself from the lawsuit, you will have no right to receive any money from the Settlement Fund.  Further, you must understand that if you exclude yourself from this lawsuit and then bring your own separate lawsuit or other legal proceeding against the Defendant, you may lose your case and receive nothing; even if you do win a separate case, you may have to wait several years to obtain any money, you may have to settle for less money than you would receive under the Settlement in this lawsuit, and you may have to retain and pay for your own attorney.  If you bring a separate claim, the Defendant may be able to assert defenses such as the statute of limitations.  The statute of limitations for the claims brought in this lawsuit ordinarily range from two to five years.

To exclude yourself from this lawsuit, you must submit to the Claims Administrator a letter that is signed by you, dated, and that includes your full name, address, social security number, telephone number, and the following language:

> I wish to exclude myself from the plaintiff class in the case of *Mary Morgan, et al. v. Richmond School of Health and Technology*, Case No. 3:12-cv-00373.

> I understand that, if the Court approves the proposed Settlement, members of the plaintiff class who remain in the lawsuit may be eligible to receive a monetary payment from the Settlement Fund.  In choosing to exclude myself from the plaintiff class in this case, I understand that I will not be eligible to receive any monetary payment under the Settlement.  I also understand that if I exclude myself and bring a separate claim, I may have to overcome defenses such as the statute of limitations.

In addition to the required language set forth above, you may include reasons why you do not wish to participate in this lawsuit in your written request for exclusion.

Your written request for exclusion must be received by the Claims Administrator at **[address]** on or before **[date]**.  If the Claims Administrator has not received your written request for exclusion, including the language set forth above, by **[date]**, then you will be deemed to have given up your right to exclude yourself from this lawsuit.

If you exclude yourself from the lawsuit but then decide that you wish to remain in the lawsuit, you may rescind your exclusion on or before [date].  To do so, you must submit to the Claims Administrator a letter that is signed by you, dated, and that includes your full name, address, social security number, telephone number, and a statement that you wish to rescind the letter of exclusion that you previously submitted.

# HEARING ON PROPOSED SETTLEMENT AGREEMENT

The Court, which has made a preliminary finding that the proposed Settlement is fair and just, has scheduled a hearing (the "Fairness Hearing") to determine whether it will grant final approval of the Settlement.  The Court will hold this hearing at **[time]** on **[date]** at the United States District Court for the Eastern District of Virginia, located at 701 East Broad Street, Richmond, Virginia, in Courtroom # **[   ]**.

It is not necessary for you to appear at the hearing or to file anything with the Court before the hearing.  If you fit within the Court's definition of the plaintiff class, then your interests will be adequately represented at the hearing by the named Plaintiffs and Plaintiffs' Counsel.

However, subject to the following requirements, you may submit written comments on the proposed Settlement, and you may speak to the Court, either personally or through your own attorney, at the hearing on **[date]**.

If you wish to object to the proposed Settlement, you must send a letter that includes the following:

- Your name, address, and telephone number;
- The name of the case (*Mary Morgan, et al. v. Richmond School of Heath and Technology*, Case No. 3:12-cv-00373);
- The dates of your attendance at RSHT;
- A sentence stating that you confirm under penalty of perjury that you are a Class Member;
- The bases for your objection(s);
- A list of any witnesses you may call to testify at the Fairness Hearing;
- Copies of any exhibits you intend to present to the Court at the Fairness Hearing, and all other documents in support of your objections;
- Your signature.

Your objection, along with any supporting material you wish to submit, must be mailed and postmarked no later than **[date]**, to *each* of the following three addresses:

| Court | Plaintiffs' Counsel | Defense Counsel |
|---|---|---|
| The United States District Court for the Eastern District of Virginia, Richmond Division 701 East Broad Street Richmond, VA 23219 | **John P. Relman** Relman, Dane & Colfax PLLC 1225 19th Street, NW Suite 600 Washington, DC 20036 | **Theodore Brenner** Brenner, Evans & Millman PC 411 E. Franklin Street PO Box 470 Richmond, VA 23218-0470 |

Similarly, if you wish to request permission to speak at the hearing, you must file with the Court a "Notice of Intent to Appear."  Your notice must include the following:

- Your name, address, and telephone number;
- The name of the case (*Mary Morgan, et al. v. Richmond School of Technology*, Case No. 3:12-cv-00373);
- The name, address, and telephone number of any attorney(s) who will be appearing on your behalf at the Fairness Hearing; and
- Your signature.

You must mail your Notice of Intent to Appear, postmarked no later than **[date]** to each of the three addresses listed above.

Your appearance at the hearing, as well as that of your attorney, will be at your own expense.

6

## ADDITIONAL INFORMATION

This notice summarizes the proposed Settlement.  Additional details about the Settlement are contained in the Settlement Agreement.  You can get a copy of the Settlement Agreement at **[  ]**.

If the proposed Settlement Agreement is approved, you will receive a Claim Form.  You will also be able to request a Claim Form by **[calling # to claims administrator].**  If you have questions about how to complete your Claim Form once you receive it, you can contact the Claims Administrator at **[ ].**

**PLEASE DO NOT CALL OR WRITE TO THE COURT FOR INFORMATION OR ADVICE.**

# EXHIBIT

# 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| _____ ) | |
| MARY MORGAN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 3:12-cv-00373-JAG |
| v. ) | |
| ) | |
| RICHMOND SCHOOL OF HEALTH AND ) | |
| TECHNOLOGY, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**[PROPOSED] ORDER GRANTING APPROVAL OF PROPOSED CLASS ACTION
SETTLEMENT, AND CERTIFICATION OF CLASS**

WHEREAS, the Court entered an Order preliminarily approving the Settlement and

Settlement Agreement on _____, and held a Fairness Hearing on _____; and the Court has heard

and considered all submissions in connection with the proposed Settlement and the files and

records herein, including the objections submitted, as well as arguments of counsel;

IT HERE HEREBY ORDERED AND ADJUDGED THAT:

1.      All terms and definitions used herein have the same meanings as set forth in the

Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of the Civil Action, the

Plaintiffs, the Class, Insurer, and Defendant.

3.      The Court finds that, for purposes of the Settlement, the requirements for a class

action under Federal Rule of Civil Procedure 23 have been satisfied in that (a) the Class is

ascertainable; (b) its members are too numerous to be joined practically; (c) there are questions

of law and fact common to the Class; (d) the Plaintiffs' claims are typical of the claims of the

Class as a whole; (e) the Plaintiffs will fairly and adequately protect the interests of the Class; (f) neither the Plaintiffs nor Plaintiffs' Counsel have interests adverse to the Class, and Plaintiffs' Counsel are competent and experienced; (g) final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole; and (h) common questions of law and fact predominate over questions affecting only individual members of the Class and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4.      For purposes of resolution of claims for monetary relief, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of resolution of claims for injunctive relief, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, the Court finally certifies the Civil Action, for purposes of the Settlement, as a class action on behalf of the following Class:  All persons who have been Enrolled at RSHT at any time during the Class Period.

5.      Plaintiffs' Counsel and Plaintiffs are hereby appointed to represent the Class. Relman, Dane & Colfax PLLC are hereby appointed as Lead Plaintiffs' Counsel.

6.      Notice of the class action Settlement was given to all Class Members pursuant to the Court's Order Granting Preliminary Approval of Proposed Class Action Settlement, Provisional Certification of Class and Approval of Notice ("Order for Notice and Hearing"). The form and method by which notice was given met the requirements of due process, Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

7.      Pursuant to the terms of the Settlement Agreement, to be entitled to participate in the distribution of the Settlement Fund, each Class Member must submit a Claim Form, substantially in the form attached as Exhibit A or Exhibit B, as appropriate.  The Claim Form

must be postmarked or received by the Claims Administrator no later than ninety (90) calendar days after the date of entry of this Order.  Any Claim Form that is not postmarked or received by the Claims Administrator within ninety (90) calendar days after the date of entry of this Order shall be deemed untimely, an invalid claim, and a waiver by the submitting Claimant of any claim for payment under the Settlement Agreement.

8.      The Settlement is in all respects fair, reasonable, and adequate, and it is finally approved.  The Parties are directed to consummate the Settlement according to the terms of the Settlement Agreement.  The Settlement Agreement and every term thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of the Court.

9.      Upon the Effective Date, the Plaintiffs, the Class, each Class Member, Insurer, and Defendant shall, by operation of this Order and Final Judgment, fully, finally and forever release and discharge the Released Claims against the Released Persons pursuant to the Settlement Agreement.  The Plaintiffs, the Class, each Class Member, Insurer, and Defendant are hereby permanently enjoined and barred from instituting, commencing or prosecuting any Released Claim against a Released Person in any action or proceeding in any court or tribunal.

10.     The individuals identified on the list attached hereto as Exhibit C have opted out of the Class and are not bound by the Settlement Agreement, Settlement, or Order and Final Judgment, and are not Released Persons and have not waived, relinquished, or released the right to assert any claims against Defendant.

11.     This Order and Final Judgment, the Settlement Agreement, and any and all communications between and among the Parties pursuant to or during the negotiation of the Settlement shall not constitute, be construed as, or be admissible in evidence as an admission of

the validity of any claim or defense asserted or fact alleged in the Civil Action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of the Parties.

12.    Plaintiffs' Counsel are awarded the sum of $1,650,000 in attorneys' fees and costs, to be paid by Insurer on behalf of Defendant in accordance with the terms of the Settlement Agreement.

13.    $195,905.84 is awarded as payment to the named Plaintiffs as reimbursement for expenses and liabilities incurred to attend RSHT, plus an additional $10,000 each, as follows:

      a.    Mary Morgan shall receive $19,883.82;

      b.    Amanda Smith shall receive $33,049.09;

      c.    Sade Battle shall receive $16,208.66;

      d.    La-Deva Dabney shall receive $25,659.56;

      e.    Kyra Franklin shall receive $34,640.05;

      f.    Ashley Thomas shall receive $14,995.23;

      g.    Loretta Towns shall receive $28,176.58;

      h.    Tammara Herbert shall receive $23,292.85.

14.    $225,000.00 is awarded for payment to the Declarants as reimbursement for expenses and liabilities incurred to attend RSHT, in an amount of $3,000 for each Declarant.

15.    For each Class Member who, in conformity with the procedures set forth in Section VI of the Settlement Agreement, opted out of the Settlement and did not rescind his or her opt out, $5,000.00 shall be held in reserve.  Within the first year following distribution of checks from the Escrow Account to Qualified Class Members, the funds so held in reserve may be used at the discretion of Defendant to pay legal expenses or settlement costs with respect to claims made by unrescinded opt-outs related to the claims in the Civil Action, except that no

individual opt-out shall be paid more in settlement from such funds than 75% of the amount distributed to each Qualified Class Member (excluding Plaintiffs and Declarants) pursuant to paragraphs 16 and 17.  The Claims Administrator shall distribute funds pursuant to Defendant's instructions in accordance with this paragraph.

16.     The balance of the funds in the Escrow Account shall be distributed in equal amounts to Qualified Class Members, excluding named Plaintiffs and Declarants, as reimbursement for expenses and liabilities incurred to attend RSHT.

17.     If pursuant to paragraph 16 each Qualified Class Member (other than named Plaintiffs and Declarants) would receive over $2,000, then notwithstanding paragraphs 14 and 16, each Declarant shall receive $3,000; each Qualified Class Member (excluding named Plaintiffs and Declarants) shall receive $2,000; and the remaining funds available for distribution to Qualified Class Members shall be divided equally among all Declarants and all other Qualified Class Members, excluding Plaintiffs, except that no Class Member who is not a Plaintiff or Declarant shall receive more than $10,000.

18.     If any money is not distributed from the Escrow Account because of the $10,000 limit set forth in paragraph 17, or for any other reason money remains in the Escrow Account or the Administration Costs Account one year after distribution of checks from the Escrow Account to Qualified Class Members, all such remaining money shall be donated to such non-profit organizations dedicated to the furtherance of the civil rights of African Americans as Plaintiffs select at that time.  Until the expiration of this one-year period, such funds, except for funds that reflect uncashed checks to Qualified Class Members, may be added to those reserved pursuant to paragraph 15 and may be used for and subject to the limitations set forth therein.

5

19.     Insurer, on behalf of Defendant, is directed to pay these awards after the Effective Date, as described in the Settlement Agreement.

20.     The Claims Administrator shall not be responsible for any of the relief provided to the Settlement Class under this Settlement Agreement.  For its actions relating to the implementation of this Settlement Agreement, to the extent permitted by applicable law, the Claims Administrator shall have the same immunity that judges have for their official acts.

21.     Pursuant to Rule 7 of the Federal Rules of Appellate Procedure, "in a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  In light of the Court's ruling regarding the adequacy of the relief afforded by the Settlement, the reaction of the Class and the number of Class Members, the Court orders that any appeal of this Order must be accompanied by a bond of $150,000.

22.     This Civil Action is hereby dismissed in its entirety on the merits and with prejudice.  Except as otherwise provided in this Order and Final Judgment or in the Settlement Agreement, the Parties shall bear their own costs and attorneys' fees.  Without affecting the finality of this Order and the Judgment hereby entered, the Court retains exclusive jurisdiction over the Parties for all matters relating to the Civil Action and the Settlement, including the administration, interpretation, effectuation, or enforcement of the Settlement.

23.     Without further Order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

Dated:  _____                              _____
                                                      Hon. John Gibney
                                                      United States District Judge

# EXHIBIT

# A

## <u>INSTRUCTIONS</u>

**READ ALL INSTRUCTIONS CAREFULLY BEFORE FILLING OUT THE CLAIM FORM**

1.      Fill in all blanks on the claim form.

2.      Type or print all information on the claim form.

3.      You must date and sign the claim form.

4.      If any information on the claim form is incorrect, cross out the incorrect information. Clearly type or print the correct information above the crossed-out incorrect information. If the box regarding your enrollment at RSHT is incorrectly marked, cross out the incorrect mark, and place an "X" in the correct box.

5.      By signing your claim form, you are declaring under penalty of perjury that the information provided is true and correct. Please understand that you could be subject to criminal penalties for submitting any false information on your claim form.

6.      If you have any questions about these instructions or about how to complete the claim form, call the Claims Administrator at [#]. There is no fee for any service or assistance provided by the Claims Administrator. **DO NOT CONTACT THE COURT OR THE CLERK OF THE COURT.**

7.      Mail your claim form to: [address for Claims Administrator]. **YOUR CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [DATE]. LATE CLAIM FORMS WILL NOT BE CONSIDERED.**

8.       If your address changes at any time before you have received payment or other final determination on your claim, mail your new address to the Claims Administrator at the address above. Any change of address must be submitted in writing and include your signature.

9.      You do **not** need to have your own attorney help you submit a claim form or otherwise participate in this lawsuit. However, if you do wish to consult your own attorney, you may do so at your own expense.

10.     Please keep a copy of the completed form for your records.

11.     For the purposes of this claim form, the term "Enrolled" means that you entered into an enrollment agreement with RSHT and that you attended at least one day of class at RSHT. Your first day of enrollment is the later of (i) the date that you signed an enrollment agreement; or (ii) the date that you first attended a class at RSHT.  Your last day of enrollment is the latest of (i) the date that you last attended a class at RSHT; (ii) the date that you last attended an externship arranged by RSHT; or (iii) the date that you graduated from RSHT.

# RSHT CLASS ACTION CLAIM FORM

*Mary Morgan, et al. v. Richmond School of Health and Technology, Inc.*, Case No. 3:12-cv-00373-JAG

FULL NAME: _____[pre-filled]_____

                            Last                    First              Middle

STREET ADDRESS: _____[pre-filled]_____

                   Street No.          Street Name        Apt. No.

CITY: ___[pre-filled]_____   STATE: _[pre-filled]___   ZIP CODE: __[pre-filled]____

TELEPHONE: (____)_____          (____)_____

                  Daytime                    Evening

Were you enrolled at RSHT at any time from July 1, 2004 to February 28, 2013? (check one):

      Yes____            No____      [pre-filled]

I declare under penalty of perjury that the foregoing is true and correct. I understand that I could be subject to criminal penalties for submitting any false information on this claim form.

_____
Signature

Executed on_____
         (today's date)

**MAIL THIS FORM TO:  [address]**

**THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [DATE]
LATE CLAIM FORMS WILL NOT BE CONSIDERED**

# EXHIBIT

# B

# <u>INSTRUCTIONS</u>

**READ ALL INSTRUCTIONS CAREFULLY BEFORE FILLING OUT THE CLAIM FORM**

1.      Fill in all blanks on the claim form.

2.      Type or print all information on the claim form.

3.      You must date and sign the claim form.

4.      By signing your claim form, you are declaring under penalty of perjury that the information provided is true and correct.  Please understand that you could be subject to criminal penalties for submitting any false information on your claim form.

5.      If you have any questions about these instructions or about how to complete the claim form, call the Claims Administrator at [#].  There is no fee for any service or assistance provided by the Claims Administrator.  **DO NOT CONTACT THE COURT OR THE CLERK OF THE COURT.**

6.      Mail your claim form to: [address for Claims Administrator].  **YOUR CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [DATE].  LATE CLAIM FORMS WILL NOT BE CONSIDERED.**

7.       If your address changes at any time before you have received payment or other final determination on your claim, mail your new address to the Claims Administrator at the address above.  Any change of address must be submitted in writing and include your signature.

8.      You do **not** need to have your own attorney help you submit a claim form or otherwise participate in this lawsuit.  However, if you do wish to consult your own attorney, you may do so at your own expense.

9.      Please keep a copy of the completed form for your records.

10.     For the purposes of this claim form, the term "Enrolled" means that you entered into an enrollment agreement with RSHT and that you attended at least one day of class at RSHT.

Your first day of enrollment is the later of (i) the date that you signed an enrollment agreement; or (ii) the date that you first attended a class at RSHT.  Your last day of enrollment is the latest of (i) the date that you last attended a class at RSHT; (ii) the date that you last attended an externship arranged by RSHT; or (iii) the date that you graduated from RSHT.

11.   Any documents you send that support your claim that you were enrolled at RSHT at any time from July 1, 2004 to February 28, 2013 will be considered in determining whether you are eligible to receive a monetary payment.  Examples of such documents include, but are not limited to:

     a.     transcripts from RSHT;

     b.     signed RSHT enrollment agreements;

     c.     RSHT certificates of completion;

     d.     cancelled checks or other documents showing payment to RSHT;

     e.     e-mails or letters from or to RSHT; or

     f.     any other document that supports your claim that you were enrolled at RSHT at any time from July 1, 2004 to February 28, 2013.

A determination of your eligibility will be made on the basis of any documents you submit with your claim form and RSHT's records.

# RSHT CLASS ACTION CLAIM FORM

*Mary Morgan, et al. v. Richmond School of Health and Technology, Inc.*, Case No. 3:12-cv-00373-JAG

FULL NAME:_____
          Last                    First                    Middle

STREET ADDRESS: _____
                 Street No.          Street Name              Apt. No.

CITY:_____  STATE:_____  ZIP CODE:_____

TELEPHONE:  (____)_____      (____)_____
            Daytime                          Evening

SOCIAL SECURITY #:_____     DATE OF BIRTH: _____

Were you enrolled at RSHT at any time from July 1, 2004 to February 28, 2013? (check one):

     Yes____          No____

Dates of attendance at RSHT: _____     RSHT Program: _____

I declare under penalty of perjury that the foregoing is true and correct.  I understand that I could be subject to criminal penalties for submitting any false information on this claim form.

_____
Signature

Executed on_____
          (today's date)

**MAIL THIS FORM TO:  [address]**

**THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [DATE]**
**LATE CLAIM FORMS WILL NOT BE CONSIDERED**

# EXHIBIT

# C

List of individuals to be compiled after notice period.

# EXHIBIT

# 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

———————————————————————

|  |  |
|---|---|
| MARY MORGAN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| RICHMOND SCHOOL OF HEALTH AND | ) |
| TECHNOLOGY, INC., | ) |
| | ) |
| Defendant. | ) |

Case No. 3:12-cv-00373-JAG

———————————————————————

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED
CLASS ACTION SETTLEMENT, PROVISIONAL CERTIFICATION OF CLASS AND
APPROVAL OF NOTICE**

The Court having reviewed the proposed terms of the Settlement set forth in the executed Settlement Agreement, by and between Defendant Richmond School of Health and Technology ("RSHT"), Inc., Defendant's insurer Nationwide Mutual Insurance Company, and the named Plaintiffs Mary Morgan, Amanda Smith, Sade Battle, La-Deva Dabney, Kyra Franklin, Ashley Thomas, Loretta Towns, and Tammara Herbert (collectively "Plaintiffs"), both individually and as representatives of the Class, in the above-styled Civil Action, together with all exhibits thereto, the record in the Civil Action, and the arguments of counsel;

IT IS HEREBY ORDERED AS FOLLOWS:

1.     All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

2.      The proposed terms of Settlement set forth in the Settlement Agreement are hereby preliminarily approved as being within the range of possible final approval as fair, reasonable, and adequate such that notice thereof should be given to members of the Class.

3.      For purposes of resolution of claims for monetary relief, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of resolution of claims for injunctive relief, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, the following class (the "Settlement Class") is provisionally certified for purposes of Settlement only:  All persons who have been Enrolled at RSHT at any time during the Class Period.

4.      Inherent in the Court's provisional certification of the Class are the following findings:  (a) the Class is ascertainable; (b) its members are too numerous to be joined practicably; (c) there are questions of law and fact common to the Class; (d) the Plaintiffs' claims are typical of the claims of the Class as a whole; (e) the Plaintiffs will fairly and adequately protect the interests of the Class; (f) neither the Plaintiffs nor Plaintiffs' Counsel have interests adverse to the Class, and Plaintiffs' Counsel are competent and experienced; (g) final injunctive relief and corresponding declaratory relief is appropriate respecting the Class as a whole; and (h) common questions of law and fact predominate over questions affecting only individual members of the Class and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

5.      This Court's provisional certification of the Class and findings incident thereto shall be solely for settlement purposes.  Provisional certification of the Class shall be vacated and shall have no effect in the event that the Settlement Agreement is not finally approved by this Court or otherwise does not take effect.  In the event the Court's approval of the Settlement Agreement, entry of the Order and Final Judgment, or certification of the Class is or are

disapproved, reversed, vacated or terminated, neither the Settlement Agreement nor the findings in this Order shall affect the rights of the Parties to take action in support of or in opposition to class certification or to prosecute or defend the Civil Action, or this Court's ability to grant or deny certification for litigation purposes.  If this Order for Notice and Hearing is vacated, the Parties shall be restored to the *status quo ante* as of the date preceding the date of this Order.

6.      The Court finds that the method of providing notice to the Class proposed in the Settlement Agreement constitutes the best method for providing such notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members of their rights and obligations, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.  The Notices and Claim Forms, which are attached hereto as Exhibits A, B, C, and D, are hereby approved as to form.  Pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, the Long Form Notice, to be distributed by mail, states (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, and defenses; (iv) that a Class Member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; (v) the binding effect of a class judgment on members under Rule 23(c)(3); and (vi) that more information is available from the Claims Administrator upon request.  The Long Form Notice also explains that Claim Forms will be mailed to Class Members and will be provided on request, and it describes the Settlement administration process, including the procedures for submitting Claim Forms.  Further, the Long Form Notice informs the Class Members that the Settlement Agreement provides for the release of their Released Claims (as that term is defined in the Settlement Agreement) and the payment of Plaintiffs' Counsels' attorneys' fees.  *See* Fed.

R. Civ. P. 23(h).  The Short Form Notice, to be published in periodicals, provides the same information and/or identifies how it can be obtained.

7.      Brown Greer, PLC is approved as the Claims Administrator for the proposed Settlement.  Within five (5) calendar days of the entry of this Order, Insurer shall pay or cause to be paid, on behalf of Defendant, $100,000 into an interest-bearing account designated and controlled by Lead Plaintiffs' Counsel (the "Administration Costs Account").  Funds from the Administration Costs Account may be dispersed, as reasonably required and without further approval of the Court, to pay Claims Administration Costs incurred by the Claims Administrator, billed to Lead Plaintiffs' Counsel as they become due.

8.      Within five (5) calendar days of the entry of this Order, Defendant shall prepare and deliver an Excel spreadsheet to the Claims Administrator containing the names, last known addresses, last known telephone numbers, social security numbers, and information sufficient to determine eligibility as a Class Member, including the last date on which each individual was Enrolled, of all Class Members ("Class Intake List").  Defendant shall simultaneously provide a copy of the Class Intake List to Lead Plaintiffs' Counsel.  The Claims Administrator shall conduct a trace using LexisNexis and the National Change of Address registry to determine, to the best extent possible and using its discretion, the most likely current address of each individual on the Class Intake List.

9.      Within twenty-one (21) calendar days after the entry of this Order, the Claims Administrator shall cause to be mailed, via first class mail, the Long Form Notice substantially in the form attached as Exhibit A to the most recent addresses of the individuals on the Class Intake List.

10.    Within twenty-one (21) days after the date of entry of this Order, or as soon thereafter as publication schedules permit, the Claims Administrator shall cause to be published the Short Form Notice, substantially in the form of Exhibit B, in the Richmond Times-Dispatch and the Progress-Index, by purchasing, for three (3) consecutive calendar days, a one-quarter (1/4) page advertising space in the main news section of each periodical.

11.    Class Counsel and Plaintiffs are hereby appointed to represent the Settlement Class.  Relman, Dane & Colfax PLLC are hereby appointed as Lead Plaintiffs' Counsel.

12.    A hearing (the "Fairness Hearing") shall be held by the Court on _____(91 days after the date of entry of this Order) to consider and determine whether the requirements for certification of the Class have been met, whether the proposed Settlement of the Civil Action on the terms set forth in the Settlement Agreement should be approved as fair, reasonable, and adequate, whether Plaintiffs' Counsels' award of attorneys' fees and costs should be approved, whether Plaintiffs' and Declarants' incentive awards should be approved, and whether the Order and Final Judgment approving the Settlement and dismissing the Civil Action on the merits and with prejudice against Class Members should be entered.

13.    The Fairness Hearing may, from time to time and without further notice to the Class (except those who have filed timely and valid objections), be continued or adjourned by Order of the Court.

14.    Any individual who seeks to be excluded from the Class may do so by mailing to the Claims Administrator at the address in the Long Form Notice, by first class mail, postage prepaid, such that it is postmarked no later than sixty-three (63) calendar days after the date of entry of this Order, a written statement signed by the individual that includes:  (i) the individual's name, address, social security number, and telephone number; (ii) the title of the Civil Action

5

(*Mary Morgan, et al. v. Richmond School of Health and Technology*, Case No. 3:12-cv-00373); and (iii) a statement as set forth in the Long Form Notice that the individual wishes to be excluded from the Settlement.  Any Class Member who does not submit a valid and timely request to opt out, as set forth in the Long Form Notice, will be bound by the Order and Final Judgment dismissing the Civil Action on the merits and with prejudice.

15.     Any individual who excludes himself or herself from the Class may rescind that decision up to and including the date that is seventy-seven (77) calendar days after the date of entry of this Order by following the procedure set forth in the Long Form Notice.

16.     Objections by any Class Member to:  (i) the certification of the Settlement Class and the proposed Settlement contained in the Settlement Agreement and described in the Long Form Notice; (ii) the payment of fees and expenses to Class Counsel; (iii) the payment of incentive awards to Plaintiffs or Declarants; and/or (iv) the entry of the Order and Final Judgment dismissing the Civil Action on the merits and with prejudice, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing only if such objector sends to the Court, at the following address:  The United States District Court for the Eastern District of Virginia, Richmond Division, 701 East Broad Street, Richmond, VA 23219, postmarked no later than seventy-seven (77) calendar days after the date of entry of this Order, a written and signed statement that includes the following:  (i) the objector's name, address, and telephone number; (ii) the name of the case (*Mary Morgan, et al. v. Richmond School of Health and Technology*, Case No. 3:12-cv-00373); (iii) the dates of the objector's attendance at RSHT; (iv) a sentence stating that the objector confirms under penalty of perjury that he or she is a class member; (v) the basis of the objection[s]; (vi) the identity of any witnesses objector may call to testify at the Fairness Hearing; and (vii) copies of any exhibits

6

objector intends to offer into evidence at the Fairness Hearing, and all other papers in support of such objections.  The foregoing papers shall expressly refer to the name of this Civil Action as it appears in this Order, as well as to the Honorable John Gibney and the case number, and they shall also be mailed to counsel at the following addresses:

| **Plaintiffs' Counsel** | **Defendant's Counsel** |
|---|---|
| John P. Relman | Theodore Brenner |
| RELMAN, DANE & COLFAX PLLC | BRENNER, EVANS & MILLMAN PC |
| 1225 19th Street, NW | 411 E. Franklin Street |
| Suite 600 | PO Box 470 |
| Washington, DC 20036 | Richmond, VA 23218-0470 |

Any Class Member who does not comply with these requirements will be deemed to have waived any objections, and will be forever barred from making any objections to the proposed Settlement.

17.     It is not necessary for an objector to appear at the Fairness Hearing.  However, if an objector wishes to appear and/or speak at the Fairness Hearing, whether personally or through an attorney, the objector must submit and sign a Notice of Intent to Appear.  All such Notices of Intent to Appear shall expressly refer to the name of this Civil Action as it appears at the top of this Order, as well as to the Honorable John Gibney and the case number.  In addition, all Notices of Intent to Appear must clearly identify:  (1) the objector's name, address, and telephone number; and (2) the name, address and telephone number of any attorney(s) who will be appearing at the Fairness Hearing on the objector's behalf.  If an objector wishes to appear and/or speak at the Fairness Hearing, whether personally or through an attorney, the objector's Notice of Intent to Appear must be mailed to the Court, Plaintiffs' Counsel, and Defendant's Counsel at the above addresses, and be postmarked no later than seventy-seven (77) calendar days after the date of entry of this Order.

18.     The Claims Administrator shall not be responsible for any of the relief provided to the Settlement Class under this Settlement Agreement.  For its actions relating to the implementation of this Settlement Agreement, to the extent permitted by applicable law, the Claims Administrator shall have the same immunity that judges have for their official acts.

19.     No later than fourteen (14) calendar days prior to the above date set for the Fairness Hearing, the Claims Administrator shall file with the Court and serve on counsel for all Parties a declaration stating that the required notice has been completed in accordance with the provisions of this Order.

20.     Within eighty-four (84) days after entry of this Order, Plaintiffs shall move the Court to enter an Order and Final Judgment substantially in the form attached hereto as Exhibit E, and shall file a memorandum addressing any timely-filed written objections to the Settlement.

21.     Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.


Dated: _____                    _____
                                             Hon. John Gibney
                                             United States District Judge

8

# EXHIBIT

# A

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA
*Mary Morgan, et al. v. Richmond School of Health and Technology, Inc.*, Case No. 3:12-cv-00373-JAG

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**TO:  ANY INDIVIDUAL WHO WAS ENROLLED AS A STUDENT AT THE RICHMOND SCHOOL OF HEALTH AND TECHNOLOGY ("RSHT") AT ANY TIME BETWEEN JULY 1, 2004 AND FEBRUARY 28, 2013**

*A federal Court authorized this notice.  This is not a solicitation from a lawyer.*

## INTRODUCTION

This notice is to inform you of a proposed Settlement that has been reached in a class action lawsuit brought against the Richmond School of Health and Technology, Inc. ("RSHT").  The proposed Settlement, if granted final approval by the Court, will result in the creation of a $5 million Settlement Fund to pay Plaintiff Class Members' claims, the Class Members' attorneys ("Plaintiffs' Counsel"), and certain administrative costs.  If you were enrolled as a student at RSHT at any time between July 1, 2004, and February 28, 2013, then you are a member of the Plaintiff Class and are eligible to receive a share of the Settlement Fund.

You have received this notice because RSHT's records indicate that you were enrolled as a student at RSHT between July 1, 2004, and February 28, 2013.  As a potential Class Member, you have the right to know about this Settlement and how this Settlement may generally affect your legal rights.  This notice describes the lawsuit, the Settlement, the legal rights of all Plaintiff Class Members, and the applicable deadlines.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **PARTICIPATE IN THE SETTLEMENT** | To participate in the Settlement, you must submit a Claim Form.  Submitting a Claim Form is the only way that you can receive a share of the Settlement Fund.  A Claim Form is not included with this notice.  A Claim Form will be mailed to you if the Court approves the Settlement.  You are not required to retain your own attorney to file a Claim Form, and you will not be required to pay any money for the services of Plaintiffs' Counsel. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | If you exclude yourself from the Settlement, you will not be eligible to receive a share of the Settlement Fund. |
| **OBJECT** | You have the right to object to the proposed Settlement.  To do so, you must submit a written objection to the Court, as described more fully in this notice.  You cannot object to the Settlement unless you are a Plaintiff Class Member and you do not exclude yourself from the Settlement. |
| **DO NOTHING** | If you are a member of the Plaintiff Class and do not submit a Claim Form as directed, you will not be eligible to receive a share of the Settlement Fund.  You will, however, remain a member of the Plaintiff Class, which means that you will be bound by any judgments or orders entered by the Court in this lawsuit. |

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY THIS LAWSUIT.**

# CASE INFORMATION

Plaintiffs, eight former students of the Richmond School of Health and Technology (or "RSHT"), initiated this lawsuit against Defendant, RSHT, alleging violations of both federal and state law. The lawsuit alleges that RSHT made misrepresentations to potential students to induce them to enroll and did not make a good faith effort to provide an adequate education to its students. Additionally, the lawsuit alleges that RSHT's practices injured students because, among other things, students took out federal student loans and made out-of-pocket payments to pay for an allegedly inadequate education. The lawsuit further alleges that RSHT targeted African Americans for enrollment and that RSHT's practices had a disproportionate adverse impact on African Americans. The lawsuit has conditionally been certified as a class action, brought on behalf of all individuals enrolled as students at RSHT between July 1, 2004 and February 28, 2013, as described more fully below.

The lawsuit seeks monetary damages, injunctive relief, and reasonable attorneys' fees and costs from the Defendant. The Defendant denies all claims made against it and maintains that its practices do not violate any laws.

The Plaintiffs and the Defendant have proposed a settlement of the lawsuit to the Court, the United States District Court for the Eastern District of Virginia, the Honorable John A. Gibney presiding. The Court has made a preliminary finding that the proposed Settlement is just and fair. The Court must grant final approval of the proposed terms of this Settlement Agreement in order for the Settlement to become final. The purpose of this notice is to provide information to potential members of the Plaintiff Class about their rights.

# DEFINITION OF CLASS ACTION AND THE PLAINTIFF CLASS

A class action is a type of lawsuit in which similar claims of a large number of individuals or entities are resolved together, thereby allowing for the efficient and consistent resolution of the claims of all class members in a single proceeding. In a class action lawsuit, one or more people, called "class representatives" or "named plaintiffs," sue on behalf of people who have similar claims, commonly known as the Plaintiff Class. In this class action lawsuit, the Court has conditionally certified a Plaintiff Class.

You are a member of the Class if you were enrolled as a student at RSHT at any time between July 1, 2004 and February 28, 2013.

# NAMED PLAINTIFFS AND CLASS COUNSEL

The Court has determined that the following eight named Plaintiffs will adequately represent the interests of all members of the Plaintiff Class and has designated them as class representatives: Mary Morgan, Amanda Smith, Sade Battle, La-Deva Dabney, Kyra Franklin, Ashley Thomas, Loretta Towns, and Tammara Herbert.

The Court has designated the law firms of Relman, Dane & Colfax PLLC and Shelley and Schulte, P.C. to represent the Plaintiff Class.

# SUMMARY OF PROPOSED SETTLEMENT AGREEMENT

### 1. Monetary Payments

Under the proposed Settlement, a $5 million Settlement Fund will be established to pay Class Members' claims, Plaintiffs' Counsel, and certain administrative costs. The proposed distribution of the Settlement Fund is as follows:

$195,905.84 of the Settlement Fund will be designated for payment to the eight named Plaintiffs in recognition of their willingness to bring this litigation on behalf of the Class and for the time and effort that they devoted to prosecuting this case.

$225,000 of the Settlement Fund will be designated for payment to the 75 students who provided sworn statements as evidence in support of Plaintiffs' claims ("Declarants"), in the amount of $3,000 per Declarant.

$1,650,000, or 33% of the Settlement Fund, will be designated for payment to Plaintiffs' Counsel for attorneys' fees and to reimburse costs paid for by Plaintiffs' Counsel.  Plaintiffs' Counsel have been working on this case for almost two years.  During the time that this case has been pending, Plaintiffs' Counsel have not been paid anything for their work and have not been reimbursed for the significant expenses that they have incurred in investigating and prosecuting this case.  The requested attorneys' fees are less than what Plaintiffs' Counsel would normally bill for the amount of time that Plaintiffs' Counsel spent working on this case.  In this type of litigation, it is customary for Plaintiffs' Counsel to be awarded a percentage of the Settlement Fund as their attorneys' fees.  The Court will decide whether to approve the amount of attorneys' fees that Plaintiffs' Counsel have requested.

The Settlement Fund will be administered by a Claims Administrator.  The Claims Administrator will review and process Claim Forms and notify Class Members about this Settlement.  Plaintiffs' Counsel will ask the Court to designate up to $100,000 of the Settlement Fund to cover the costs associated with administering the Settlement Fund.

For each individual who excludes himself or herself from the Class pursuant to the procedure described below, $5,000 from the Settlement Fund will be set aside to pay expenses associated with defending any separate claims brought by such persons against RSHT.  In the event of a separate claim, no individual will be able to receive from these funds more than 75% of what non-Plaintiff and non-Declarant Class Members receive from the Settlement Fund.

Each Class Member (other than the named Plaintiffs and Declarants) who files a timely, valid Claim Form will be entitled to an equal share of the remainder of the Settlement Fund.  This notice **does not** include a Claim Form; you will be mailed a Claim Form if the Court approves the proposed Settlement.  Your exact monetary payment cannot be calculated at this time.  The amount of each Class Member's share will depend upon the total number of valid Claim Forms that are timely submitted.

In the event that the distribution of the Settlement Fund results in payments of an amount more than $2,000 for each Class Member (who is not a named Plaintiff or a Declarant), each Declarant will receive $3,000; each Class Member will receive $2,000; and the remaining money will be divided equally among all Declarants and Class Members (except for the named Plaintiffs).  The maximum amount that any Class Member, excluding named Plaintiffs and Declarants, can receive under the terms of the proposed Settlement is $10,000.  Any remaining money will be donated to non-profit organizations selected by Plaintiffs.

Again, while your exact monetary payment cannot be calculated at this time, it is estimated that each Class Member (excluding named Plaintiffs and Declarants) will receive  $718 from the Settlement Fund if every Class Member files a valid Claim Form and approximately $1,000 if 70% of the Class Members file valid Claim Forms.  These estimates are based upon the number of individuals that the parties currently believe are part of the Class.  You could receive more or less from the Settlement Fund depending on the total number of valid, timely Claim Forms that are submitted by eligible Class Members.

The Settlement Agreement contains more details about the Settlement and the distribution of the Settlement Fund.  You can access the complete Settlement Agreement at www.relmanlaw.com/_____.

## 2. Injunctive Relief

In addition to the monetary payments described above, the Settlement will require the Defendant to adhere to certain practices. While the Defendant has denied any wrongdoing as part of the Settlement, the Defendant has promised that it will not violate the laws that are at issue in the lawsuit, and that it will make all of the necessary disclosures required by law to prospective students upon enrollment. The Defendant has further agreed to:

- Make all information and documents reviewed by or provided to an entity that conducts audits of the Defendant available, upon request, to the United States Department of Education ("DOE"), Plaintiffs' Counsel, and other entities that conduct audits of the Defendant;

- Make the reports and conclusions of those audits available, upon request, to students, prospective students, DOE, Plaintiffs' Counsel, and entities that conduct audits of the Defendant;

- Compile and maintain to the best of its ability (on a yearly basis) statistics regarding the employment rates of RSHT graduates, the percentage of RSHT students who both sat for and passed licensing and certification examinations, and the salaries of RSHT graduates, and provide this information to prospective students;

- Make the information that it used to compile statistics regarding the employment rates of RSHT graduates, the percentage of RSHT students who both sat for and passed licensing and certification examinations, and the salaries of RSHT graduates available, upon request, to the same entities identified in the first bullet above;

- Modify its Cancelation and Refund Policy to be consistent with standards promulgated by the Council on Occupational Education.

The Settlement Agreement contains more details about the Settlement. The complete Settlement Agreement is available at **[add information on how to access settlement agreement].**

# YOUR OPTIONS AS A POTENTIAL CLASS MEMBER

The proposed Settlement Agreement gives you the choice whether or not to remain in the lawsuit.

**A.** If you wish to remain in the lawsuit, you may be eligible to receive a share of the Settlement Fund as a member of the Plaintiff Class if you submit a properly completed Claim Form and are deemed to be an eligible Class Member. There is no Claim Form included with this notice. A Claim Form will be mailed to you if the Court approves the Settlement. If the Settlement is approved, you will also be able to request a Claim Form by calling **[# to claims administrator]**.

You are not required to retain your own attorney to remain in this lawsuit or to request or file a Claim Form. You will not be required to pay any money for the services of Plaintiffs' Counsel or their representatives and assistants.

If you remain in the lawsuit, and if the Court grants final approval of the proposed Settlement, then you will be bound by all of the terms of the Settlement. This means that you may be eligible to receive a share of the Settlement Fund. However, this also means that you will not be able to bring a separate lawsuit or other legal proceeding against RSHT related to the allegations and claims included in this lawsuit. Nor will you be able to challenge the Settlement Agreement after it has been finally approved by the Court.

4

You do **not** need to do anything **at this time** to participate in the Settlement.  However, if you do nothing after you receive the Claim Form, you will not receive a share of the Settlement Fund.  You will be bound by the Court's decision and will have released all claims against RSHT related to the allegations raised in this lawsuit.

**B.**  If you do not wish to remain a part of this lawsuit, then you may exclude yourself from the lawsuit by submitting a written request for exclusion to the Claims Administrator on or before **[date]**.  If you exclude yourself from this lawsuit, you will not be bound by the terms of the Settlement, and you will be free to bring your own lawsuit or other legal proceedings against the Defendant.

However, if you exclude yourself from the lawsuit, you will have no right to receive any money from the Settlement Fund.  Further, you must understand that if you exclude yourself from this lawsuit and then bring your own separate lawsuit or other legal proceeding against the Defendant, you may lose your case and receive nothing; even if you do win a separate case, you may have to wait several years to obtain any money, you may have to settle for less money than you would receive under the Settlement in this lawsuit, and you may have to retain and pay for your own attorney.  If you bring a separate claim, the Defendant may be able to assert defenses such as the statute of limitations.  The statute of limitations for the claims brought in this lawsuit ordinarily range from two to five years.

To exclude yourself from this lawsuit, you must submit to the Claims Administrator a letter that is signed by you, dated, and that includes your full name, address, social security number, telephone number, and the following language:

> I wish to exclude myself from the plaintiff class in the case of *Mary Morgan, et al. v. Richmond School of Health and Technology*, Case No. 3:12-cv-00373.

> I understand that, if the Court approves the proposed Settlement, members of the plaintiff class who remain in the lawsuit may be eligible to receive a monetary payment from the Settlement Fund.  In choosing to exclude myself from the plaintiff class in this case, I understand that I will not be eligible to receive any monetary payment under the Settlement.  I also understand that if I exclude myself and bring a separate claim, I may have to overcome defenses such as the statute of limitations.

In addition to the required language set forth above, you may include reasons why you do not wish to participate in this lawsuit in your written request for exclusion.

Your written request for exclusion must be received by the Claims Administrator at **[address]** on or before **[date]**.  If the Claims Administrator has not received your written request for exclusion, including the language set forth above, by **[date]**, then you will be deemed to have given up your right to exclude yourself from this lawsuit.

If you exclude yourself from the lawsuit but then decide that you wish to remain in the lawsuit, you may rescind your exclusion on or before [date].  To do so, you must submit to the Claims Administrator a letter that is signed by you, dated, and that includes your full name, address, social security number, telephone number, and a statement that you wish to rescind the letter of exclusion that you previously submitted.

## HEARING ON PROPOSED SETTLEMENT AGREEMENT

The Court, which has made a preliminary finding that the proposed Settlement is fair and just, has scheduled a hearing (the "Fairness Hearing") to determine whether it will grant final approval of the Settlement. The Court will hold this hearing at **[time]** on **[date]** at the United States District Court for the Eastern District of Virginia, located at 701 East Broad Street, Richmond, Virginia, in Courtroom # **[  ]**.

It is not necessary for you to appear at the hearing or to file anything with the Court before the hearing. If you fit within the Court's definition of the plaintiff class, then your interests will be adequately represented at the hearing by the named Plaintiffs and Plaintiffs' Counsel.

However, subject to the following requirements, you may submit written comments on the proposed Settlement, and you may speak to the Court, either personally or through your own attorney, at the hearing on **[date]**.

If you wish to object to the proposed Settlement, you must send a letter that includes the following:

- Your name, address, and telephone number;
- The name of the case (*Mary Morgan, et al. v. Richmond School of Heath and Technology*, Case No. 3:12-cv-00373);
- The dates of your attendance at RSHT;
- A sentence stating that you confirm under penalty of perjury that you are a Class Member;
- The bases for your objection(s);
- A list of any witnesses you may call to testify at the Fairness Hearing;
- Copies of any exhibits you intend to present to the Court at the Fairness Hearing, and all other documents in support of your objections;
- Your signature.

Your objection, along with any supporting material you wish to submit, must be mailed and postmarked no later than **[date]**, to *each* of the following three addresses:

| Court | Plaintiffs' Counsel | Defense Counsel |
|---|---|---|
| The United States District Court for the Eastern District of Virginia, Richmond Division 701 East Broad Street Richmond, VA 23219 | **John P. Relman** Relman, Dane & Colfax PLLC 1225 19th Street, NW Suite 600 Washington, DC 20036 | **Theodore Brenner** Brenner, Evans & Millman PC 411 E. Franklin Street PO Box 470 Richmond, VA 23218-0470 |

Similarly, if you wish to request permission to speak at the hearing, you must file with the Court a "Notice of Intent to Appear." Your notice must include the following:

- Your name, address, and telephone number;
- The name of the case (*Mary Morgan, et al. v. Richmond School of Technology*, Case No. 3:12-cv-00373);
- The name, address, and telephone number of any attorney(s) who will be appearing on your behalf at the Fairness Hearing; and
- Your signature.

You must mail your Notice of Intent to Appear, postmarked no later than **[date]** to each of the three addresses listed above.

Your appearance at the hearing, as well as that of your attorney, will be at your own expense.

6

## ADDITIONAL INFORMATION

This notice summarizes the proposed Settlement.  Additional details about the Settlement are contained in the Settlement Agreement.  You can get a copy of the Settlement Agreement at **[   ]**.

If the proposed Settlement Agreement is approved, you will receive a Claim Form.  You will also be able to request a Claim Form by **[calling # to claims administrator].**  If you have questions about how to complete your Claim Form once you receive it, you can contact the Claims Administrator at **[ ].**

**PLEASE DO NOT CALL OR WRITE TO THE COURT FOR INFORMATION OR ADVICE.**

**EXHIBIT**

**B**

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**TO:  ANY INDIVIDUAL WHO WAS ENROLLED AS A STUDENT AT THE RICHMOND SCHOOL OF HEALTH AND TECHNOLOGY ("RSHT") AT ANY TIME BETWEEN JULY 1, 2004, AND FEBRUARY 28, 2013**

A proposed Settlement has been reached in a class action lawsuit brought against the Richmond School of Health and Technology, Inc. ("RSHT").  The proposed Settlement, if granted final approval by the Court, will result in the creation of a $5 million Settlement Fund to pay plaintiff class members' claims, the class members' attorneys, and certain administrative costs.

The United States District Court for the Eastern District of Virginia authorized this notice.  Before any plaintiff class member receives a share of the Settlement Fund, the Court will have a hearing to decide whether to approve the Settlement.

DEFINITION OF PLAINTIFF CLASS
In this class action lawsuit, the Court has conditionally certified a plaintiff class.  You are a member of the class if you were enrolled as a student at RSHT at any time between July 1, 2004, and February 28, 2013.

CASE INFORMATION
The lawsuit alleges that RSHT made misrepresentations to potential students to induce them to enroll and did not provide an adequate education to its students.  Additionally, the lawsuit alleges that RSHT's practices injured students because, among other things, students took out federal student loans and made out-of-pocket payments to pay for an allegedly inadequate education.  The lawsuit further alleges that RSHT targeted African Americans for enrollment and that RSHT's practices had a disproportionate adverse impact on African Americans.  RSHT denies all claims made against it and maintains that its practices do not violate any laws.

SUMMARY OF PROPOSED SETTLEMENT
Under the proposed Settlement, a $5 million Settlement Fund will be established to pay class members' claims, the class members' lawyers, and certain administrative costs.  The Settlement Agreement, available at www.relmanlaw.com/_____, describes all of the details about the proposed Settlement.

The exact monetary payment that eligible class members will receive from the Settlement cannot be calculated at this time, however it is estimated that each class member will receive $718 from the

Settlement Fund if every class member files a valid Claim Form and approximately $1,000 if 70% of the class members file valid Claim Forms.  These estimates are based upon the number of individuals that the parties currently believe are part of the class.  You could receive more or less from the Settlement Fund depending on the total number of valid, timely Claim Forms that are submitted by eligible class members.

YOUR OPTIONS AS A POTENTIAL CLASS MEMBER
If you wish to remain in the lawsuit, you may be eligible to receive a share of the Settlement Fund as a member of the plaintiff class if you submit a properly completed Claim Form.  You do not need to submit a Claim Form at this time to participate in the Settlement.  Claim Forms will be available if the Court approves the Settlement.  At that time, you can request a Claim Form by calling [  ].

 If you do not wish to remain a part of this lawsuit, then you may exclude yourself from the Settlement on or before **[date]**.  If you exclude yourself from this lawsuit, you will have no right to receive any money from the Settlement Fund.  If you stay in the Settlement, you may object to it by [date].  The detailed notice, available by calling [ ], explains how to exclude yourself or object.

The Court, which has made a preliminary finding that the proposed Settlement is fair and just, has scheduled a hearing in this case on [date] to consider whether to approve the Settlement.  You are not required to appear or speak at the hearing, however, if you wish to speak at the hearing you may ask the Court for permission to do so.  The detailed notice, available by calling [ ], contains additional information about the hearing.

For additional information about the proposed Settlement, please contact [   ].

# EXHIBIT

# C

## <u>INSTRUCTIONS</u>

**READ ALL INSTRUCTIONS CAREFULLY BEFORE FILLING OUT THE CLAIM FORM**

1.     Fill in all blanks on the claim form.

2.     Type or print all information on the claim form.

3.     You must date and sign the claim form.

4.     If any information on the claim form is incorrect, cross out the incorrect information. Clearly type or print the correct information above the crossed-out incorrect information.  If the box regarding your enrollment at RSHT is incorrectly marked, cross out the incorrect mark, and place an "X" in the correct box.

5.     By signing your claim form, you are declaring under penalty of perjury that the information provided is true and correct.  Please understand that you could be subject to criminal penalties for submitting any false information on your claim form.

6.     If you have any questions about these instructions or about how to complete the claim form, call the Claims Administrator at [#].  There is no fee for any service or assistance provided by the Claims Administrator.  **DO NOT CONTACT THE COURT OR THE CLERK OF THE COURT.**

7.     Mail your claim form to: [address for Claims Administrator].  **YOUR CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [DATE].  LATE CLAIM FORMS WILL NOT BE CONSIDERED.**

8.      If your address changes at any time before you have received payment or other final determination on your claim, mail your new address to the Claims Administrator at the address above.  Any change of address must be submitted in writing and include your signature.

9.     You do **not** need to have your own attorney help you submit a claim form or otherwise participate in this lawsuit.  However, if you do wish to consult your own attorney, you may do so at your own expense.

10.  Please keep a copy of the completed form for your records.

11.  For the purposes of this claim form, the term "Enrolled" means that you entered into an enrollment agreement with RSHT and that you attended at least one day of class at RSHT. Your first day of enrollment is the later of (i) the date that you signed an enrollment agreement; or (ii) the date that you first attended a class at RSHT.  Your last day of enrollment is the latest of (i) the date that you last attended a class at RSHT; (ii) the date that you last attended an externship arranged by RSHT; or (iii) the date that you graduated from RSHT.

# RSHT CLASS ACTION CLAIM FORM

*Mary Morgan, et al. v. Richmond School of Health and Technology, Inc.*, Case No. 3:12-cv-00373-JAG

FULL NAME: _____[pre-filled]_____
<br>                              Last                         First                            Middle

STREET ADDRESS: _____[pre-filled]_____
<br>                                   Street No.              Street Name                 Apt. No.

CITY: ____[pre-filled]_____   STATE: _[pre-filled]____   ZIP CODE: __[pre-filled]_____

TELEPHONE:  (____)_____           (____)_____
<br>                              Daytime                                  Evening

Were you enrolled at RSHT at any time from July 1, 2004 to February 28, 2013? (check one):

     Yes_____              No_____        [pre-filled]

I declare under penalty of perjury that the foregoing is true and correct.  I understand that I could be subject to criminal penalties for submitting any false information on this claim form.

_____
<br>Signature

Executed on_____
<br>             (today's date)

**MAIL THIS FORM TO:  [address]**

**THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [DATE]**
**LATE CLAIM FORMS WILL NOT BE CONSIDERED**

# EXHIBIT

# D

# <u>INSTRUCTIONS</u>

**READ ALL INSTRUCTIONS CAREFULLY BEFORE FILLING OUT THE CLAIM FORM**

1.      Fill in all blanks on the claim form.

2.      Type or print all information on the claim form.

3.      You must date and sign the claim form.

4.      By signing your claim form, you are declaring under penalty of perjury that the information provided is true and correct.  Please understand that you could be subject to criminal penalties for submitting any false information on your claim form.

5.      If you have any questions about these instructions or about how to complete the claim form, call the Claims Administrator at [#].  There is no fee for any service or assistance provided by the Claims Administrator.  **DO NOT CONTACT THE COURT OR THE CLERK OF THE COURT.**

6.      Mail your claim form to: [address for Claims Administrator].  **YOUR CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [DATE].  LATE CLAIM FORMS WILL NOT BE CONSIDERED.**

7.       If your address changes at any time before you have received payment or other final determination on your claim, mail your new address to the Claims Administrator at the address above.  Any change of address must be submitted in writing and include your signature.

8.      You do **not** need to have your own attorney help you submit a claim form or otherwise participate in this lawsuit.  However, if you do wish to consult your own attorney, you may do so at your own expense.

9.      Please keep a copy of the completed form for your records.

10.     For the purposes of this claim form, the term "Enrolled" means that you entered into an enrollment agreement with RSHT and that you attended at least one day of class at RSHT.

Your first day of enrollment is the later of (i) the date that you signed an enrollment agreement; or (ii) the date that you first attended a class at RSHT.  Your last day of enrollment is the latest of (i) the date that you last attended a class at RSHT; (ii) the date that you last attended an externship arranged by RSHT; or (iii) the date that you graduated from RSHT.

11.     Any documents you send that support your claim that you were enrolled at RSHT at any time from July 1, 2004 to February 28, 2013 will be considered in determining whether you are eligible to receive a monetary payment.  Examples of such documents include, but are not limited to:

      a.     transcripts from RSHT;

      b.     signed RSHT enrollment agreements;

      c.     RSHT certificates of completion;

      d.     cancelled checks or other documents showing payment to RSHT;

      e.     e-mails or letters from or to RSHT; or

      f.     any other document that supports your claim that you were enrolled at RSHT at any time from July 1, 2004 to February 28, 2013.

A determination of your eligibility will be made on the basis of any documents you submit with your claim form and RSHT's records.

# RSHT CLASS ACTION CLAIM FORM

*Mary Morgan, et al. v. Richmond School of Health and Technology, Inc.*, Case No. 3:12-cv-00373-JAG

FULL NAME:_____
                    Last                    First                    Middle

STREET ADDRESS: _____
                    Street No.              Street Name              Apt. No.

CITY:_____    STATE:_____    ZIP CODE:_____

TELEPHONE:  (____)_____        (____)_____
                    Daytime                           Evening

SOCIAL SECURITY #:_____    DATE OF BIRTH: _____

Were you enrolled at RSHT at any time from July 1, 2004 to February 28, 2013? (check one):

        Yes____            No____

Dates of attendance at RSHT: _____    RSHT Program: _____

I declare under penalty of perjury that the foregoing is true and correct.  I understand that I could be subject to criminal penalties for submitting any false information on this claim form.

_____
Signature

Executed on_____
            (today's date)

**MAIL THIS FORM TO:  [address]**

**THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [DATE]
LATE CLAIM FORMS WILL NOT BE CONSIDERED**

# EXHIBIT

# E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

_____
                                                    )
MARY MORGAN, *et al.*,                              )
                                                    )
                    Plaintiffs,                     )
                                                    )        Case No. 3:12-cv-00373-JAG
        v.                                          )
                                                    )
RICHMOND SCHOOL OF HEALTH AND                       )
TECHNOLOGY, INC.,                                   )
                                                    )
                    Defendant.                      )
_____)

**[PROPOSED] ORDER GRANTING APPROVAL OF PROPOSED CLASS ACTION
SETTLEMENT, AND CERTIFICATION OF CLASS**

WHEREAS, the Court entered an Order preliminarily approving the Settlement and

Settlement Agreement on ____, and held a Fairness Hearing on _____; and the Court has heard

and considered all submissions in connection with the proposed Settlement and the files and

records herein, including the objections submitted, as well as arguments of counsel;

IT HERE HEREBY ORDERED AND ADJUDGED THAT:

1.      All terms and definitions used herein have the same meanings as set forth in the

Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of the Civil Action, the

Plaintiffs, the Class, Insurer, and Defendant.

3.      The Court finds that, for purposes of the Settlement, the requirements for a class

action under Federal Rule of Civil Procedure 23 have been satisfied in that (a) the Class is

ascertainable; (b) its members are too numerous to be joined practicably; (c) there are questions

of law and fact common to the Class; (d) the Plaintiffs' claims are typical of the claims of the

Class as a whole; (e) the Plaintiffs will fairly and adequately protect the interests of the Class; (f) neither the Plaintiffs nor Plaintiffs' Counsel have interests adverse to the Class, and Plaintiffs' Counsel are competent and experienced; (g) final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole; and (h) common questions of law and fact predominate over questions affecting only individual members of the Class and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4.     For purposes of resolution of claims for monetary relief, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of resolution of claims for injunctive relief, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, the Court finally certifies the Civil Action, for purposes of the Settlement, as a class action on behalf of the following Class:  All persons who have been Enrolled at RSHT at any time during the Class Period.

5.     Plaintiffs' Counsel and Plaintiffs are hereby appointed to represent the Class. Relman, Dane & Colfax PLLC are hereby appointed as Lead Plaintiffs' Counsel.

6.     Notice of the class action Settlement was given to all Class Members pursuant to the Court's Order Granting Preliminary Approval of Proposed Class Action Settlement, Provisional Certification of Class and Approval of Notice ("Order for Notice and Hearing"). The form and method by which notice was given met the requirements of due process, Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

7.     Pursuant to the terms of the Settlement Agreement, to be entitled to participate in the distribution of the Settlement Fund, each Class Member must submit a Claim Form, substantially in the form attached as Exhibit A or Exhibit B, as appropriate.  The Claim Form

must be postmarked or received by the Claims Administrator no later than ninety (90) calendar days after the date of entry of this Order.  Any Claim Form that is not postmarked or received by the Claims Administrator within ninety (90) calendar days after the date of entry of this Order shall be deemed untimely, an invalid claim, and a waiver by the submitting Claimant of any claim for payment under the Settlement Agreement.

8.      The Settlement is in all respects fair, reasonable, and adequate, and it is finally approved.  The Parties are directed to consummate the Settlement according to the terms of the Settlement Agreement.  The Settlement Agreement and every term thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of the Court.

9.      Upon the Effective Date, the Plaintiffs, the Class, each Class Member, Insurer, and Defendant shall, by operation of this Order and Final Judgment, fully, finally and forever release and discharge the Released Claims against the Released Persons pursuant to the Settlement Agreement.  The Plaintiffs, the Class, each Class Member, Insurer, and Defendant are hereby permanently enjoined and barred from instituting, commencing or prosecuting any Released Claim against a Released Person in any action or proceeding in any court or tribunal.

10.     The individuals identified on the list attached hereto as Exhibit C have opted out of the Class and are not bound by the Settlement Agreement, Settlement, or Order and Final Judgment, and are not Released Persons and have not waived, relinquished, or released the right to assert any claims against Defendant.

11.     This Order and Final Judgment, the Settlement Agreement, and any and all communications between and among the Parties pursuant to or during the negotiation of the Settlement shall not constitute, be construed as, or be admissible in evidence as an admission of

3

the validity of any claim or defense asserted or fact alleged in the Civil Action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of the Parties.

12.     Plaintiffs' Counsel are awarded the sum of $1,650,000 in attorneys' fees and costs, to be paid by Insurer on behalf of Defendant in accordance with the terms of the Settlement Agreement.

13.     $195,905.84 is awarded as payment to the named Plaintiffs as reimbursement for expenses and liabilities incurred to attend RSHT, plus an additional $10,000 each, as follows:

> a.     Mary Morgan shall receive $19,883.82;
>
> b.     Amanda Smith shall receive $33,049.09;
>
> c.     Sade Battle shall receive $16,208.66;
>
> d.     La-Deva Dabney shall receive $25,659.56;
>
> e.     Kyra Franklin shall receive $34,640.05;
>
> f.     Ashley Thomas shall receive $14,995.23;
>
> g.     Loretta Towns shall receive $28,176.58;
>
> h.     Tammara Herbert shall receive $23,292.85.

14.     $225,000.00 is awarded for payment to the Declarants as reimbursement for expenses and liabilities incurred to attend RSHT, in an amount of $3,000 for each Declarant.

15.     For each Class Member who, in conformity with the procedures set forth in Section VI of the Settlement Agreement, opted out of the Settlement and did not rescind his or her opt out, $5,000.00 shall be held in reserve.  Within the first year following distribution of checks from the Escrow Account to Qualified Class Members, the funds so held in reserve may be used at the discretion of Defendant to pay legal expenses or settlement costs with respect to claims made by unrescinded opt-outs related to the claims in the Civil Action, except that no

individual opt-out shall be paid more in settlement from such funds than 75% of the amount distributed to each Qualified Class Member (excluding Plaintiffs and Declarants) pursuant to paragraphs 16 and 17. The Claims Administrator shall distribute funds pursuant to Defendant's instructions in accordance with this paragraph.

16.     The balance of the funds in the Escrow Account shall be distributed in equal amounts to Qualified Class Members, excluding named Plaintiffs and Declarants, as reimbursement for expenses and liabilities incurred to attend RSHT.

17.     If pursuant to paragraph 16 each Qualified Class Member (other than named Plaintiffs and Declarants) would receive over $2,000, then notwithstanding paragraphs 14 and 16, each Declarant shall receive $3,000; each Qualified Class Member (excluding named Plaintiffs and Declarants) shall receive $2,000; and the remaining funds available for distribution to Qualified Class Members shall be divided equally among all Declarants and all other Qualified Class Members, excluding Plaintiffs, except that no Class Member who is not a Plaintiff or Declarant shall receive more than $10,000.

18.     If any money is not distributed from the Escrow Account because of the $10,000 limit set forth in paragraph 17, or for any other reason money remains in the Escrow Account or the Administration Costs Account one year after distribution of checks from the Escrow Account to Qualified Class Members, all such remaining money shall be donated to such non-profit organizations dedicated to the furtherance of the civil rights of African Americans as Plaintiffs select at that time. Until the expiration of this one-year period, such funds, except for funds that reflect uncashed checks to Qualified Class Members, may be added to those reserved pursuant to paragraph 15 and may be used for and subject to the limitations set forth therein.

19.     Insurer, on behalf of Defendant, is directed to pay these awards after the Effective Date, as described in the Settlement Agreement.

20.     The Claims Administrator shall not be responsible for any of the relief provided to the Settlement Class under this Settlement Agreement.  For its actions relating to the implementation of this Settlement Agreement, to the extent permitted by applicable law, the Claims Administrator shall have the same immunity that judges have for their official acts.

21.     Pursuant to Rule 7 of the Federal Rules of Appellate Procedure, "in a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  In light of the Court's ruling regarding the adequacy of the relief afforded by the Settlement, the reaction of the Class and the number of Class Members, the Court orders that any appeal of this Order must be accompanied by a bond of $150,000.

22.     This Civil Action is hereby dismissed in its entirety on the merits and with prejudice.  Except as otherwise provided in this Order and Final Judgment or in the Settlement Agreement, the Parties shall bear their own costs and attorneys' fees.  Without affecting the finality of this Order and the Judgment hereby entered, the Court retains exclusive jurisdiction over the Parties for all matters relating to the Civil Action and the Settlement, including the administration, interpretation, effectuation, or enforcement of the Settlement.

23.     Without further Order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

Dated: _____                         _____
                                                Hon. John Gibney
                                                United States District Judge

# EXHIBIT

# 7

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**TO:  ANY INDIVIDUAL WHO WAS ENROLLED AS A STUDENT AT THE RICHMOND SCHOOL OF HEALTH AND TECHNOLOGY ("RSHT") AT ANY TIME BETWEEN JULY 1, 2004, AND FEBRUARY 28, 2013**

A proposed Settlement has been reached in a class action lawsuit brought against the Richmond School of Health and Technology, Inc. ("RSHT").  The proposed Settlement, if granted final approval by the Court, will result in the creation of a $5 million Settlement Fund to pay plaintiff class members' claims, the class members' attorneys, and certain administrative costs.

The United States District Court for the Eastern District of Virginia authorized this notice.  Before any plaintiff class member receives a share of the Settlement Fund, the Court will have a hearing to decide whether to approve the Settlement.

### DEFINITION OF PLAINTIFF CLASS

In this class action lawsuit, the Court has conditionally certified a plaintiff class.  You are a member of the class if you were enrolled as a student at RSHT at any time between July 1, 2004, and February 28, 2013.

### CASE INFORMATION

The lawsuit alleges that RSHT made misrepresentations to potential students to induce them to enroll and did not provide an adequate education to its students.  Additionally, the lawsuit alleges that RSHT's practices injured students because, among other things, students took out federal student loans and made out-of-pocket payments to pay for an allegedly inadequate education.  The lawsuit further alleges that RSHT targeted African Americans for enrollment and that RSHT's practices had a disproportionate adverse impact on African Americans.  RSHT denies all claims made against it and maintains that its practices do not violate any laws.

### SUMMARY OF PROPOSED SETTLEMENT

Under the proposed Settlement, a $5 million Settlement Fund will be established to pay class members' claims, the class members' lawyers, and certain administrative costs.  The Settlement Agreement, available at www.relmanlaw.com/_____, describes all of the details about the proposed Settlement.

The exact monetary payment that eligible class members will receive from the Settlement cannot be calculated at this time, however it is estimated that each class member will receive $718 from the Settlement Fund if every class member files a valid Claim Form and approximately $1,000 if 70% of the class members file valid Claim Forms.  These estimates are based upon the number of individuals that the parties currently believe are part of the class.  You could receive more or less from the Settlement Fund depending on the total number of valid, timely Claim Forms that are submitted by eligible class members.

### YOUR OPTIONS AS A POTENTIAL CLASS MEMBER

If you wish to remain in the lawsuit, you may be eligible to receive a share of the Settlement Fund as a member of the plaintiff class if you submit a properly completed Claim Form.  You do not need to submit a Claim Form at this time to participate in the Settlement.  Claim Forms will be available if the Court approves the Settlement.  At that time, you can request a Claim Form by calling [  ].

 If you do not wish to remain a part of this lawsuit, then you may exclude yourself from the Settlement on or before **[date]**.  If you exclude yourself from this lawsuit, you will have no right to receive any money from the Settlement Fund.  If you stay in the Settlement, you may object to it by [date].  The detailed notice, available by calling [ ], explains how to exclude yourself or object.

The Court, which has made a preliminary finding that the proposed Settlement is fair and just, has scheduled a hearing in this case on [date] to consider whether to approve the Settlement.  You are not required to appear or speak at the hearing, however, if you wish to speak at the hearing you may ask the Court for permission to do so.  The detailed notice, available by calling [ ], contains additional information about the hearing.

For additional information about the proposed Settlement, please contact [   ].

# EXHIBIT

# 8



# Policies and Rules
# of the Commission
## 2012 Edition

**COUNCIL ON OCCUPATIONAL EDUCATION**

# <u>Refund Policy</u>

The *Handbook of Accreditation* states under Standard Seven - Financial Resources, Criterion 13, the following:

> The institution shall have a fair and equitable refund policy for the refund of tuition, fees, and other institutional charges in the event the institution cancels a class if a student does not enter or does not complete the period of enrollment for which the student has been charged. All of the following are elements of a fair and equitable plan:
>
> a. The institution's refund policy must be published in the catalog and be uniformly administered.
> b. Refunds, when due, must be made without requiring a request from the student
> c. Refunds, when due, shall be made within 45 days (1) of the last day of attendance if written notification of withdrawal has been provided to the institution by the student, or (2) from the date the institution terminates the student or determines withdrawal by the student.
> d. Retention of tuition and fees collected in advance for a student who does not commence class shall not exceed $100.
> e. The institution must comply with the refund policies adopted by the Commission unless a different policy is mandated by a non-public institution's licensing agency or a public institution's governing board.

As referenced in item "f" above, the refund policy adopted by the Commission is as stated below.

1. Refunds for Classes Canceled by the Institution

   If tuition and fees are collected in advance of the start date of a program and the institution cancels the class, 100% of the tuition and fees collected must be refunded. The refund shall be made within 45 days of the planned start date.

2. Refunds for Students Who Withdraw On or Before the First Day of Class

   **If tuition and fees are collected in advance of the start date of classes and the student does not begin classes or withdraws on the first day of classes, no more than $100 of the tuition and fees may be retained by the institution.** Appropriate refunds for a student who does not begin classes shall be made within 45 days of the class start date.

3.   Refunds for Students Enrolled Prior to Visiting the Institution

Students who have not visited the school facility prior to enrollment will have the opportunity to withdraw without penalty within three days following either attendance at a regularly scheduled orientation or following a tour of the facilities and inspection of the equipment.

4.   Refunds for Students Enrolled in Professional Development, Continuing Education, or Limited Contract Instruction

Institutions engaging in programs which are short-term **must** have a written policy or contract statement regarding whether or not fees and instructional charges are refundable.

5.   Refunds for Withdrawal After Class Commences

(a)   Public Institutions

The refund policy for students attending public institutions shall be consistent with the policy established by the institution's governing board.

(b)   Non-Public Institutions

(1)   Refund Policy for Programs Obligating Students for Periods of 12 Months or Less

The refund policy for students attending non-public institutions who incur a financial obligation for a period of 12 months or less shall be as follows:

(i)    During the first 10% of the period of financial obligation, the institution shall refund at least 90% of the tuition;
(ii)   After the first 10% of the period of financial obligation and until the end of the first 25% of the period of obligation, the institution shall refund at least 50% of the tuition;
(iii)  After the first 25% of the period of financial obligation and until the end of the first 50% of the period of obligation, the institution shall refund at least 25% of the tuition; and,
(iv)   After the first 50% of the period of financial obligation, the institution may retain all of the tuition.

(2)   Refund Policy for Programs Obligating Students for Periods Beyond Twelve Months

Institutions with programs longer than 12 months that financially obligate the student for any period of time beyond 12 months shall  release the student of the obligation to pay beyond the 12 months if the student withdraws during the first 12 months. The calculation of  the refund for the unused portion of the first 12 months shall be based on section (b)(1) Non-Public Institutions above.

If the student withdraws during any subsequent period following the first 12 months, the student's refund for the unused portion of the tuition applicable to the period of withdrawal shall be based on section (b)(1) Non-Public Institutions above.

Deviations from the requirements of this policy as stated above are permitted if (1) mandated by a non-public institution's licensing agency or a public institution's governing board and (2) accepted by the Commission.

*Adopted by the Commission of the Council on Occupational Education on September 15, 1998*
*Revised on September 19, 2000 and September 20, 2005*
**Reference:**  *Handbook of Accreditation: 2012 Edition, page 57*