IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| MARY MORGAN, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>RICHMOND SCHOOL OF HEALTH AND )<br>TECHNOLOGY, INC., )<br>)<br>Defendant. )<br>) | Case No. 3:12-cv-00373-JAG |

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED
CLASS ACTION SETTLEMENT, PROVISIONAL CERTIFICATION OF CLASS AND
APPROVAL OF NOTICE**

The Court having reviewed the proposed terms of the Settlement set forth in the executed Settlement Agreement, by and between Defendant Richmond School of Health and Technology ("RSHT"), Inc., Defendant's insurer Nationwide Mutual Insurance Company, and the named Plaintiffs Mary Morgan, Amanda Smith, Sade Battle, La-Deva Dabney, Kyra Franklin, Ashley Thomas, Loretta Towns, and Tammara Herbert (collectively "Plaintiffs"), both individually and as representatives of the Class, in the above-styled Civil Action, together with all exhibits thereto, the record in the Civil Action, and the arguments of counsel;

IT IS HEREBY ORDERED AS FOLLOWS:

1. All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

2. The proposed terms of Settlement set forth in the Settlement Agreement are hereby preliminarily approved as being within the range of possible final approval as fair, reasonable, and adequate such that notice thereof should be given to members of the Class.

3. For purposes of resolution of claims for monetary relief, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of resolution of claims for injunctive relief, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, the following class (the "Settlement Class") is provisionally certified for purposes of Settlement only: All persons who have been Enrolled at RSHT at any time during the Class Period.

4. Inherent in the Court's provisional certification of the Class are the following findings: (a) the Class is ascertainable; (b) its members are too numerous to be joined practicably; (c) there are questions of law and fact common to the Class; (d) the Plaintiffs' claims are typical of the claims of the Class as a whole; (e) the Plaintiffs will fairly and adequately protect the interests of the Class; (f) neither the Plaintiffs nor Plaintiffs' Counsel have interests adverse to the Class, and Plaintiffs' Counsel are competent and experienced; (g) final injunctive relief and corresponding declaratory relief is appropriate respecting the Class as a whole; and (h) common questions of law and fact predominate over questions affecting only individual members of the Class and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

5. This Court's provisional certification of the Class and findings incident thereto shall be solely for settlement purposes. Provisional certification of the Class shall be vacated and shall have no effect in the event that the Settlement Agreement is not finally approved by this Court or otherwise does not take effect. In the event the Court's approval of the Settlement Agreement, entry of the Order and Final Judgment, or certification of the Class is or are

disapproved, reversed, vacated or terminated, neither the Settlement Agreement nor the findings in this Order shall affect the rights of the Parties to take action in support of or in opposition to class certification or to prosecute or defend the Civil Action, or this Court's ability to grant or deny certification for litigation purposes. If this Order for Notice and Hearing is vacated, the Parties shall be restored to the *status quo ante* as of the date preceding the date of this Order.

      6.    The Court finds that the method of providing notice to the Class proposed in the Settlement Agreement constitutes the best method for providing such notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members of their rights and obligations, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. The Notices and Claim Forms, which are attached hereto as Exhibits A, B, C, and D, are hereby approved as to form. Pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, the Long Form Notice, to be distributed by mail, states (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, and defenses; (iv) that a Class Member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; (v) the binding effect of a class judgment on members under Rule 23(c)(3); and (vi) that more information is available from the Claims Administrator upon request. The Long Form Notice also explains that Claim Forms will be mailed to Class Members and will be provided on request, and it describes the Settlement administration process, including the procedures for submitting Claim Forms. Further, the Long Form Notice informs the Class Members that the Settlement Agreement provides for the release of their Released Claims (as that term is defined in the Settlement Agreement) and the payment of Plaintiffs' Counsels' attorneys' fees. *See* Fed.

R. Civ. P. 23(h). The Short Form Notice, to be published in periodicals, provides the same information and/or identifies how it can be obtained.

7. Brown Greer, PLC is approved as the Claims Administrator for the proposed Settlement. Within five (5) calendar days of the entry of this Order, Insurer shall pay or cause to be paid, on behalf of Defendant, $100,000 into an interest-bearing account designated and controlled by Lead Plaintiffs' Counsel (the "Administration Costs Account"). Funds from the Administration Costs Account may be dispersed, as reasonably required and without further approval of the Court, to pay Claims Administration Costs incurred by the Claims Administrator, billed to Lead Plaintiffs' Counsel as they become due.

8. Within five (5) calendar days of the entry of this Order, Defendant shall prepare and deliver an Excel spreadsheet to the Claims Administrator containing the names, last known addresses, last known telephone numbers, social security numbers, and information sufficient to determine eligibility as a Class Member, including the last date on which each individual was Enrolled, of all Class Members ("Class Intake List"). Defendant shall simultaneously provide a copy of the Class Intake List to Lead Plaintiffs' Counsel. The Claims Administrator shall conduct a trace using LexisNexis and the National Change of Address registry to determine, to the best extent possible and using its discretion, the most likely current address of each individual on the Class Intake List.

9. Within twenty-one (21) calendar days after the entry of this Order, the Claims Administrator shall cause to be mailed, via first class mail, the Long Form Notice substantially in the form attached as Exhibit A to the most recent addresses of the individuals on the Class Intake List.

10. Within twenty-one (21) days after the date of entry of this Order, or as soon thereafter as publication schedules permit, the Claims Administrator shall cause to be published the Short Form Notice, substantially in the form of Exhibit B, in the Richmond Times-Dispatch and the Progress-Index, by purchasing, for three (3) consecutive calendar days, a one-quarter (1/4) page advertising space in the main news section of each periodical.

11. Class Counsel and Plaintiffs are hereby appointed to represent the Settlement Class. Relman, Dane & Colfax PLLC are hereby appointed as Lead Plaintiffs' Counsel.

12. A hearing (the "Fairness Hearing") shall be held by the Court on _____ (91 days after the date of entry of this Order) to consider and determine whether the requirements for certification of the Class have been met, whether the proposed Settlement of the Civil Action on the terms set forth in the Settlement Agreement should be approved as fair, reasonable, and adequate, whether Plaintiffs' Counsels' award of attorneys' fees and costs should be approved, whether Plaintiffs' and Declarants' incentive awards should be approved, and whether the Order and Final Judgment approving the Settlement and dismissing the Civil Action on the merits and with prejudice against Class Members should be entered.

13. The Fairness Hearing may, from time to time and without further notice to the Class (except those who have filed timely and valid objections), be continued or adjourned by Order of the Court.

14. Any individual who seeks to be excluded from the Class may do so by mailing to the Claims Administrator at the address in the Long Form Notice, by first class mail, postage prepaid, such that it is postmarked no later than sixty-three (63) calendar days after the date of entry of this Order, a written statement signed by the individual that includes: (i) the individual's name, address, social security number, and telephone number; (ii) the title of the Civil Action

(*Mary Morgan, et al. v. Richmond School of Health and Technology*, Case No. 3:12-cv-00373); and (iii) a statement as set forth in the Long Form Notice that the individual wishes to be excluded from the Settlement. Any Class Member who does not submit a valid and timely request to opt out, as set forth in the Long Form Notice, will be bound by the Order and Final Judgment dismissing the Civil Action on the merits and with prejudice.

15. Any individual who excludes himself or herself from the Class may rescind that decision up to and including the date that is seventy-seven (77) calendar days after the date of entry of this Order by following the procedure set forth in the Long Form Notice.

16. Objections by any Class Member to: (i) the certification of the Settlement Class and the proposed Settlement contained in the Settlement Agreement and described in the Long Form Notice; (ii) the payment of fees and expenses to Class Counsel; (iii) the payment of incentive awards to Plaintiffs or Declarants; and/or (iv) the entry of the Order and Final Judgment dismissing the Civil Action on the merits and with prejudice, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing only if such objector sends to the Court, at the following address: The United States District Court for the Eastern District of Virginia, Richmond Division, 701 East Broad Street, Richmond, VA 23219, postmarked no later than seventy-seven (77) calendar days after the date of entry of this Order, a written and signed statement that includes the following: (i) the objector's name, address, and telephone number; (ii) the name of the case (*Mary Morgan, et al. v. Richmond School of Health and Technology*, Case No. 3:12-cv-00373); (iii) the dates of the objector's attendance at RSHT; (iv) a sentence stating that the objector confirms under penalty of perjury that he or she is a class member; (v) the basis of the objection[s]; (vi) the identity of any witnesses objector may call to testify at the Fairness Hearing; and (vii) copies of any exhibits

objector intends to offer into evidence at the Fairness Hearing, and all other papers in support of such objections. The foregoing papers shall expressly refer to the name of this Civil Action as it appears in this Order, as well as to the Honorable John Gibney and the case number, and they shall also be mailed to counsel at the following addresses:

| **Plaintiffs' Counsel** | **Defendant's Counsel** |
|---|---|
| John P. Relman | Theodore Brenner |
| RELMAN, DANE & COLFAX PLLC | BRENNER, EVANS & MILLMAN PC |
| 1225 19th Street, NW | 411 E. Franklin Street |
| Suite 600 | PO Box 470 |
| Washington, DC 20036 | Richmond, VA 23218-0470 |

Any Class Member who does not comply with these requirements will be deemed to have waived any objections, and will be forever barred from making any objections to the proposed Settlement.

17.   It is not necessary for an objector to appear at the Fairness Hearing. However, if an objector wishes to appear and/or speak at the Fairness Hearing, whether personally or through an attorney, the objector must submit and sign a Notice of Intent to Appear. All such Notices of Intent to Appear shall expressly refer to the name of this Civil Action as it appears at the top of this Order, as well as to the Honorable John Gibney and the case number. In addition, all Notices of Intent to Appear must clearly identify: (1) the objector's name, address, and telephone number; and (2) the name, address and telephone number of any attorney(s) who will be appearing at the Fairness Hearing on the objector's behalf. If an objector wishes to appear and/or speak at the Fairness Hearing, whether personally or through an attorney, the objector's Notice of Intent to Appear must be mailed to the Court, Plaintiffs' Counsel, and Defendant's Counsel at the above addresses, and be postmarked no later than seventy-seven (77) calendar days after the date of entry of this Order.

18. The Claims Administrator shall not be responsible for any of the relief provided to the Settlement Class under this Settlement Agreement. For its actions relating to the implementation of this Settlement Agreement, to the extent permitted by applicable law, the Claims Administrator shall have the same immunity that judges have for their official acts.

19. No later than fourteen (14) calendar days prior to the above date set for the Fairness Hearing, the Claims Administrator shall file with the Court and serve on counsel for all Parties a declaration stating that the required notice has been completed in accordance with the provisions of this Order.

20. Within eighty-four (84) days after entry of this Order, Plaintiffs shall move the Court to enter an Order and Final Judgment substantially in the form attached hereto as Exhibit E, and shall file a memorandum addressing any timely-filed written objections to the Settlement.

21. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

Dated: 4/23/13

/s/ John A. Gibney, Jr.
Hon. John A. Gibney, United States District Judge
United States District Judge

8