IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| MARY MORGAN, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>RICHMOND SCHOOL OF HEALTH AND )<br>TECHNOLOGY, INC., )<br>)<br>Defendant. )<br>) | Case No. 3:12-cv-00373-JAG |

**ORDER GRANTING FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, FINAL CERTIFICATION OF CLASS AND AWARD OF ATTORNEYS' FEES AND COSTS**

WHEREAS, the Court entered an Order preliminarily approving the Settlement and Settlement Agreement on April 23, 2013, and held a Fairness Hearing on July 25, 2013; and the Court has heard and considered all submissions in connection with the proposed Settlement and the files and records herein, including the objections submitted if any, as well as arguments of counsel;

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement. The term "School" as used in the Settlement Agreement means the school operated by Defendant, now known as "Chester Career College" and formerly known as "Richmond School of Health and Technology" or "RSHT."

2. The Court has jurisdiction over the subject matter of the Civil Action, the Plaintiffs, the Class, Insurer, and Defendant.

3. The Court finds that, for purposes of the Settlement, the requirements for a class action under Federal Rule of Civil Procedure 23 have been satisfied in that (a) the Class is ascertainable; (b) its members are too numerous to be joined practicably; (c) there are questions of law and fact common to the Class; (d) the Plaintiffs' claims are typical of the claims of the Class as a whole; (e) the Plaintiffs will fairly and adequately protect the interests of the Class; (f) neither the Plaintiffs nor Plaintiffs' Counsel have interests adverse to the Class, and Plaintiffs' Counsel are competent and experienced; (g) final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole; and (h) common questions of law and fact predominate over questions affecting only individual members of the Class and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4. For purposes of resolution of claims for monetary relief, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of resolution of claims for injunctive relief, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, the Court finally certifies the Civil Action, for purposes of the Settlement, as a class action on behalf of the following Class: All persons who have been Enrolled at RSHT at any time during the Class Period.

5. Plaintiffs' Counsel and Plaintiffs are hereby appointed to represent the Class. Relman, Dane & Colfax PLLC is hereby appointed as Lead Plaintiffs' Counsel.

6. Notice of the class action Settlement was given to all Class Members pursuant to the Court's Order Granting Preliminary Approval of Proposed Class Action Settlement, Provisional Certification of Class and Approval of Notice (April 24, 2013) (Doc. No. 86) ("Order for Notice and Hearing"). The form and method by which notice was given met the requirements of due process, Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure,

constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

7. Pursuant to the terms of the Settlement Agreement, to be entitled to participate in the distribution of the Settlement Fund, each Class Member must submit a Claim Form, substantially in the form attached as Exhibit A or Exhibit B, as appropriate. The Claim Form must be postmarked or received by the Claims Administrator no later than ninety (90) calendar days after the date of entry of this Order. Any Claim Form that is not postmarked or received by the Claims Administrator within ninety (90) calendar days after the date of entry of this Order shall be deemed untimely, an invalid claim, and a waiver by the submitting Claimant of any claim for payment under the Settlement Agreement.

8. The Settlement is in all respects fair, reasonable, and adequate, and it is finally approved. The Parties are directed to consummate the Settlement according to the terms of the Settlement Agreement. The Settlement Agreement and every term thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of the Court.

9. Upon the Effective Date, the Plaintiffs, the Class, each Class Member, Insurer, and Defendant shall, by operation of this Order and Final Judgment, fully, finally and forever release and discharge the Released Claims against the Released Persons pursuant to the Settlement Agreement. The Plaintiffs, the Class, each Class Member, Insurer, and Defendant are hereby permanently enjoined and barred from instituting, commencing or prosecuting any Released Claim against a Released Person in any action or proceeding in any court or tribunal.

10. No persons have opted out of the Class.

11. This Order and Final Judgment, the Settlement Agreement, and any and all communications between and among the Parties pursuant to or during the negotiation of the

Settlement shall not constitute, be construed as, or be admissible in evidence as an admission of the validity of any claim or defense asserted or fact alleged in the Civil Action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of the Parties.

12. Plaintiffs' Counsel are awarded the sum of $1,650,000 [handwritten: $1,250,000] in attorneys' fees and [handwritten: $32,325.73] costs, to be paid by Insurer on behalf of Defendant in accordance with the terms of the Settlement Agreement. The Court finds that this award is reasonable within the meaning of Rule 23(h) of the Federal Rules of Civil Procedure, in that it is justified by each of the following eight factors: (1) the results obtained for the class; (2) the quality, skill, and efficiency of the attorneys involved; (3) the complexity and duration of the case; (4) the risk of nonpayment; (5) awards in similar cases; (6) objections by members of the Class; (7) public policy; and (8) a lodestar crosscheck.

13. $195,905.84 is awarded as payment to the named Plaintiffs as reimbursement for expenses and liabilities incurred to attend RSHT, plus an additional $10,000 each, as follows:

  a. Mary Morgan shall receive $19,883.82;

  b. Amanda Smith shall receive $33,049.09;

  c. Sade Battle shall receive $16,208.66;

  d. La-Deva Dabney shall receive $25,659.56;

  e. Kyra Franklin shall receive $34,640.05;

  f. Ashley Thomas shall receive $14,995.23;

  g. Loretta Towns shall receive $28,176.58;

  h. Tammara Herbert shall receive $23,292.85.

14. $225,000.00 is awarded for payment to the Declarants as reimbursement for expenses and liabilities incurred to attend RSHT, in an amount of $3,000 for each Declarant.

15. The balance of the funds in the Escrow Account shall be distributed in equal amounts to Qualified Class Members, excluding named Plaintiffs and Declarants, as reimbursement for expenses and liabilities incurred to attend RSHT.

16. If pursuant to paragraph 15 each Qualified Class Member (other than named Plaintiffs and Declarants) would receive over $2,000, then notwithstanding paragraphs 14 and 15, each Declarant shall receive $3,000; each Qualified Class Member (excluding named Plaintiffs and Declarants) shall receive $2,000; and the remaining funds available for distribution to Qualified Class Members shall be divided equally among all Declarants and all other Qualified Class Members, excluding Plaintiffs, except that no Class Member who is not a Plaintiff or Declarant shall receive more than $10,000.

17. If any money is not distributed from the Escrow Account because of the $10,000 limit set forth in paragraph 16, or for any other reason money remains in the Escrow Account or the Administration Costs Account one year after distribution of checks from the Escrow Account to Qualified Class Members, all such remaining money shall be donated to such non-profit economically disadvantaged organizations dedicated to the furtherance of the civil rights of ~~African Americans~~ as Plaintiffs select at that time.

18. Insurer, on behalf of Defendant, is directed to pay these awards after the Effective Date, as described in the Settlement Agreement.

19. The Claims Administrator shall not be responsible for any of the relief provided to the Settlement Class under this Settlement Agreement. For its actions relating to the implementation of this Settlement Agreement, to the extent permitted by applicable law, the Claims Administrator shall have the same immunity that judges have for their official acts.

20. Pursuant to Rule 7 of the Federal Rules of Appellate Procedure, "in a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." In light of the Court's ruling regarding the adequacy of the relief afforded by the Settlement, the reaction of the Class and the number of Class Members, the Court orders that any appeal of this Order must be accompanied by a bond of $150,000.

21. This Civil Action is hereby dismissed in its entirety on the merits and with prejudice. Except as otherwise provided in this Order and Final Judgment or in the Settlement Agreement, the Parties shall bear their own costs and attorneys' fees. Without affecting the finality of this Order and the Judgment hereby entered, the Court retains exclusive jurisdiction over the Parties for all matters relating to the Civil Action and the Settlement, including the administration, interpretation, effectuation, or enforcement of the Settlement.

22. Without further Order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

Dated: 7/25/13

/s/
John A. Gibney, Jr.
United States District Judge